UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PURE AIR DAIGLE, LLC, ET AL.        CIVIL ACTION NO. 6:16-cv-01322

VERSUS                              JUDGE DOHERTY

CHARLES STAGG, II, ET AL.           MAGISTRATE JUDGE HANNA

## RULING ON MOTIONS

Currently pending are the plaintiffs' motion for discovery under Fed. R. Civ. P. 56(d) (Rec. Doc. 79) and the plaintiffs' motion to compel the deposition of Jude C. Bursavich, counsel for defendants Capitol Welders Supply Co. Inc. and St. Landry Gas & Supply, L.L.C. ("the Corporate Defendants") (Rec. Doc. 95). Expedited consideration of the motion to compel was requested (Rec. Doc. 96) and granted (Rec. Doc. 100). Both motions are opposed, the issues presented in the motions are inextricably intertwined, and oral argument on both motions was held by telephone on July 10, 2017. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, both motions are DENIED.

### BACKGROUND

Defendants Charles Stagg, II, Michael Scott Lanclos, Phillip Courville, Jr., and Brad Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs are the successors of that company. Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs, and in 2016, Capitol formed defendant St. Landry Gas & Supply, L.L.C., which is a

competitor of the plaintiffs. All of the Employee Defendants left their employment with the plaintiffs and went to work for St. Landry Gas. In their complaint, the plaintiffs alleged claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, breach of fiduciary duties, conversion, conspiracy, tortious interference with contractual relationships, and tortious interference with business relationships. The two pending motions relate to the plaintiffs' conversion claim and a motion for partial summary judgment on the issue of conversion (Rec. Doc. 69), which was filed by the defendants and remains currently pending.

## LAW AND ANALYSIS

### A. THE STANDARD FOR EVALUATING A MOTION FOR ADDITIONAL DISCOVERY UNDER RULE 56(D)

Under Fed. R. Civ. P. 56(d), the party responding to a motion for summary judgment may be allowed additional time to obtain affidavits or declarations or to take discovery if it can show that it cannot present facts essential to justify its position without obtaining additional discovery. The rule requires a party seeking such relief to present an affidavit or declaration setting forth specified reasons for the relief sought. In such a situation, the court is authorized to defer considering the motion for summary judgment, to deny it, or to issue any other appropriate order. Thus, Rule

56(d) functions as a safe harbor that prevents the premature granting of motions for summary judgment.[1]

Although Rule 56(d) motions are "broadly favored and should be liberally granted,"[2] it is not sufficient for the party responding to a motion for summary judgment to allege only that discovery is incomplete or that discovery will produce needed but unspecified facts.[3] Instead, that party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[4] In other words, "a party must indicate to the court. . . why he needs additional discovery and how the additional discovery will create a genuine issue of material fact."[5] A nonmovant is not entitled to a continuance for additional discovery if it "failed to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from

---

[1] *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to former Rule 56(f)).

[2] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[3] See *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

[4] *American Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) and *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

[5] *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

further discovery."⁶ The party cannot rely on vague assertions but must show why it needs additional discovery and how that discovery will create a genuine issue of material fact.⁷

**B.     THE EFFECT OF DEPOSING AN ATTORNEY**

Rule 3.7 of the Louisiana Rules of Professional Conduct for lawyers states:

(a)    A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
    (1)    the testimony relates to an uncontested issue;
    (2)    the testimony relates to the nature and value of legal services rendered in the case; or
    (3)    disqualification of the lawyer would work substantial hardship on the client.

In this case, whether the Employee Defendants converted the plaintiffs' property is a contested issue. Therefore, if Mr. Bursavich were deposed, he could become a potential witness at trial, and he consequently might be unable to continue in his role as counsel for the Corporate Defendants. This Court finds that it would likely be a substantial hardship for the Corporate Defendants if Mr. Bursavich were not able to continue as the Corporate Defendants' counsel.

---

⁶ *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)).

⁷ *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016).

## C. THE PLAINTIFFS HAVE NOT ESTABLISHED ENTITLEMENT TO THE RELIEF SOUGHT

In order to justify additional discovery under Rule 56(d), the party seeking additional discovery must, as explained above, advise the court (1) why it needs additional discovery and (2) how the additional discovery will create a genuine issue of material fact with regard to the issue on which summary judgment is sought by the adverse party. More specifically, the party seeking additional discovery must explain to the court why the discovery already completed is inadequate and what it expects to learn from the additional requested discovery.

The two motions currently under consideration relate solely to the plaintiffs' conversion claim. The discovery already conducted in this case, as well as the evidence introduced at the hearing on the preliminary injunction established, without dispute, that the Corporate Defendants' counsel, Mr. Bursavich, met with the Employee Defendants and representatives of the Corporate Defendants at a restaurant before the Employee Defendants went to work for St. Landry Gas. At that meeting, Mr. Bursavich advised the Employee Defendants not to take anything of value or anything of a confidential or proprietary nature from their former employee and not to bring any such items with them when they began working for St. Landry. It is undisputed that, at that time, Mr. Bursavich was not the Employee Defendants' counsel. Accordingly, the attorney-client privilege did not attach to his communications during the meeting at the restaurant.

In the motion to compel Mr. Bursavich's deposition and in the motion for Rule 56(d) discovery, the plaintiffs seek to require Mr. Bursavich to be deposed before a ruling is issued with regard to the defendants' pending motion for partial summary judgment regarding the plaintiffs' claims for conversion (Rec. Doc. 69). The plaintiffs argued that the defendants "rely on the advice of counsel for the Corporate Defendants, [Mr.] Bursavich, as supposed proof that Defendants did not convert Daigle property," which " advice necessitates the taking of his deposition." (Rec. Doc. 79 at 1). In the discovery motion, the plaintiffs also sought to depose each of the Employee Defendants and Kelly Root, a principal of the Corporate Defendants, in order to "test the veracity of [their] assertions as to Mr. Bursavich's alleged advice and the extent to which such advice supports Defendants' factual contentions." (Rec. Doc. 79-1 at 3).

The plaintiffs are not entitled to further depositions of Mr. Root or the Employee Defendants. All of those people have already been deposed. Therefore, the plaintiffs have already had an opportunity to explore with them the topic of conversion and the topic of Mr. Bursavich's advice. Any further deposition of these persons would likely result in unnecessary and duplicative evidence. Furthermore, the plaintiffs' argument that the Employee Defendants should be deposed because their affidavits are untested lacks merit. The plaintiffs rely upon a district court case from New York to support the proposition that untested affidavits are not acceptable

summary judgment evidence. This Court is not bound by that decision and Fed. R. Civ. P. 56(c)(4) expressly contemplates the use of affidavits to support or oppose motions for summary judgment. The argument that an affidavit must be tested by means of deposition before it can support a motion for summary judgment or an opposition to such a motion is rejected.

When asked during oral argument what it was that the plaintiffs seek to learn by deposing Mr. Bursavich, the plaintiffs indicated that they wished to know what Mr. Bursavich said to the Employee Defendants before or after the meeting at the restaurant. The plaintiffs also indicated that this is critical to the defendants' "advice of counsel" defense. These arguments lack merit for several reasons.

First, the Employee Defendants cannot rely upon an "advice of counsel" defense with regard to Mr. Bursavich concerning any discussions that might have been conducted before they went to work for St. Landry because, at that time, Mr. Bursavich was not their counsel.

Second, the content of any discussions that the Employee Defendants might have had with Mr. Bursavich after they went to work for St. Landry is not discoverable because it is protected by the attorney/client privilege.

Third, the plaintiffs have not presented any evidence establishing that Mr. Bursavich actually had any conversations with any of the Employee Defendants

before or after the meeting at the restaurant. Therefore, it is unlikely that there is any further information that can be gleaned from a deposition of Mr. Bursavich.

Finally and most importantly, proof concerning whether any one of more of the Employee Defendants tortiously converted the plaintiffs' property does not rest upon anything that Mr. Bursavich might have told them at any point in time. Instead, it rests upon what the Employee Defendants actually did. They might have followed Mr. Bursavich's advice and not taken anything of value from their former employer. Or, they might have ignored his advice and converted their former employer's property. The plaintiffs have not identified any factual evidence that they seek in the requested additional discovery that would shed light on whether the actions of the Employee Defendants constituted conversion. Therefore, this Court finds that the plaintiffs have not persuaded the court that additional discovery is necessary – either in the form of Mr. Bursavich's deposition or otherwise – in order for them to respond to the defendants' motion for summary judgment on the issue of conversion (Rec. Doc. 69).

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion for additional discovery under Fed. R. Civ. P. 56(d) (Rec. Doc. 79) is DENIED; and

IT IS ORDERED that the plaintiffs' motion to compel the deposition of Jude C. Bursavich (Rec. Doc. 95) is DENIED.

Signed at Lafayette, Louisiana, this 12th day of July 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE