UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PURE AIR DAIGLE, LLC, ET AL. | CIVIL ACTION NO. 6:16-cv-01322 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CHARLES STAGG, II, ET AL. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending is the motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) (Rec. Doc. 63), which was filed by defendants Charles Stagg, II, Michael Scott Lanclos, and Phillip Courville, Jr. with regard to Count I of the plaintiffs' complaint. In Count I, the plaintiffs contended that the Employee Agreement signed by defendants Stagg, Lanclos, and Courville was a binding contract that the defendants breached. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is granted.

### BACKGROUND

Defendants Stagg, Lanclos, Courville, and Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs, Pure Air Daigle, L.L.C., and Pure Air [US], LLC, are the successors of that company. Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs. In 2016, Capitol Welders formed defendant St. Landry Gas & Supply, L.L.C., which

is a competitor of the plaintiffs. The Employee Defendants left their employment with the plaintiffs and all of them went to work for St. Landry Gas.

In their complaint, the plaintiffs asserted claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, breach of fiduciary duties, conversion, conspiracy, tortious interference with contractual relationships, and tortious interference with business relationships.

The instant motion relates solely to the plaintiffs' breach of contract claim against Stagg, Lanclos, and Courville.[1] The plaintiffs claim that the Employee Agreement signed by each of them was a binding contract, and that these defendants breached the contract by retaining, using, and disclosing the plaintiffs' confidential and proprietary information upon the termination of their employment.

## LAW AND ANALYSIS

### A. THE APPLICABLE STANDARD

Fed. R. Civ. P. 12(c) states that, after the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings. A Rule 12(c) motion is resolved under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to

---

[1] The plaintiffs did not assert a breach of contract claim against the other defendants.

dismiss.[2] A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[3]

A motion to dismiss for failure to state a claim, under Rule 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[4] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[5] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[6] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[7]

---

[2] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[3] *Hebert Abstract Co. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990).

[4] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[5] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[6] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[8]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[9] The allegations must be sufficient "to raise a right to relief above the speculative level,"[10] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[11] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[13]

---

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[9] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[10] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[11] *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[12] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[16]

**B.    THE APPLICABLE LAW**

A federal court sitting in diversity must apply state substantive law and federal procedural law.[17] Because this is a diversity case, Louisiana's substantive law must be applied.[18] To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court.[19]

---

[14]     *Ashcroft v. Iqbal*, 556 U.S. at 678.

[15]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

[16]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[17]     *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

[18]     See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[19]     *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

## C. BREACH OF CONTRACT

Under Louisiana law, a plaintiff must prove three essential elements to prevail on a claim for breach of contract: (1) the defendant owed an obligation to the plaintiff; (2) the defendant failed to perform that obligation; and (3) the defendant's failure to perform damaged the plaintiff.[20] "Under Louisiana law, a plaintiff does not have an available contractual remedy unless a valid contract existed."[21] In other words, "before there can be a breach of contract, a contract must exist in the first place."[22] Under Louisiana law, "[a] contract is formed by the consent of the parties established through offer and acceptance. Thus, an enforceable contract requires a meeting of the minds."[23]

---

[20] *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 2014-2592 (La. 12/08/15), 193 So.3d 1110, 1115; Favrot v. Favrot, 10–0986 (La. App. 4 Cir. 02/09/11), 68 So.3d 1099, 1108-09, *writ denied*, 11-0636 (La. 05/06/11), 62 So.3d 127. See, also, Louisiana Civil Code Articles 1927 and 1994.

[21] *Perez v. Utility Constructors, Inc.*, No. 15-4675, 2016 WL 5930877, at *2 (E.D. La. Oct. 12, 2016).

[22] *Express Lien, Inc. v. Nationwide Notice, Inc.*, No. 16-2926, 2016 WL 7097382, at *4 (E.D. La. Dec. 5 2016).

[23] *Read v. Willwoods Community*, 2014-1475 (La. 03/17/15); 165 So. 3d. 883, 887 (internal citations omitted).

**D. HAVE THE PLAINTIFFS STATED A PLAUSIBLE BREACH OF CONTRACT CLAIM?**

The first issue to be addressed in evaluating a breach of contract claim is whether the parties actually entered into a valid and binding contract. Whether a contract exists usually requires an analysis of the four corners of the document purporting to obligate the parties. When ruling on a Rule 12(b)(6) or Rule 12(c) motion, however, the court is generally constrained to consider only the complaint[24] and not the contents of any other documents. When no documents are attached to and filed along with the complaint, a court deciding a motion pursuant to Rule 12(b)(6) or Rule 12(c) must ordinarily either exclude consideration of any other additional documents or convert the motion to a motion for summary judgment under Rule 56 and then consider the additional documents.[25]

In this case, however, the plaintiffs attached copies of the Employee Agreements signed by Stagg, Lanclos, and Courville to the complaint. Uncontested documents referred to in the pleadings may be considered by the court without converting the motion to one for summary judgment, if they are: (1) attached to the

---

[24] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 498.

[25] Fed. R. Civ. P. 12(d).

motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[26] A court may even consider documents outside the complaint that were not physically attached to the complaint, without converting the motion to a summary judgment motion, if the documents were referred to in the complaint and are central to the plaintiff's claim.[27] This serves the laudable purpose of considering the complaint in its entirety.[28]

Here, the defendants do not contest the authenticity of the Employee Agreements attached to the complaint. Those documents were filed along with the complaint, they were referred to in the complaint, and they are central to the plaintiffs' breach of contract claim. Therefore, the Employee Agreements may be

---

[26] See *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (finding consideration of insurance contracts that were not unattached to the complaint was permissible because they were attached to the motions to dismiss, referred to in the complaint, and central to the plaintiffs' claims).

[27] *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). See *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (finding that the district court properly considered documents not attached to the complaint in ruling on a Rule 12(c) motion).

[28] See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice") (citing 5B Charles Alan Wright et al., Federal Practice and Procedure, § 1357 (3d ed. 2004 & Supp. 2007)); *Jackson v. National Ass'n for Advancement of Colored People*, 546 Fed. App'x 438, 441 (5th Cir. 2013); *Maloney Gaming Management, L.L.C. v. St. Tammany Parish*, 456 Fed. App'x 336, 341 (5th Cir. 2011).

considered by this Court without converting the instant motion into a motion for summary judgment.

Under Louisiana law, "a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished."[29] There are four elements for a valid contract: (1) capacity to contract; (2) mutual consent; (3) a lawful cause; (4) and a valid object.[30]

Louisiana courts are quite reluctant to find that employment manuals create contractual rights.[31] Louisiana courts have not expressly found that employment manuals cannot be contracts; instead, the jurisprudence requires that employment manuals be analyzed on a case by case basis.[32] The precise issue presented in this case is whether the plaintiffs' employment manual imposed on the Employee Defendants an obligation not to disclose confidential and proprietary information either during or after their employment with the plaintiffs. No cases addressing that specific issue were cited by the parties or located by this Court. Several Louisiana cases have held that employee manuals and company policies and procedures neither

---

[29] Louisiana Civil Code Article 1906.

[30] *Granger v. Christus Health Cent. La.*, 2012-C-1892 (La. 06/28/13), 144 So.3d 736, 760-61; see also Louisiana Civil Code Articles 1918, 1927, 1966, 1971.

[31] *Wallace v. Shreve Memorial Library*, 79 F.3d 427, 431 (5th Cir. 1996).

[32] *Wallace v. Shreve Memorial Library*, 79 F.3d at 431.

confer contractual rights upon employees nor create exceptions to the "employment at will" doctrine.[33] That is not the issue presented here. One reported case held that a genuine issue of material fact existed concerning whether a provision set forth in an employee handbook constituted a valid contractual agreement between a university and its employees to provide tuition waivers to their children if they died while a full-time faculty member.[34] That is not the issue presented here either, but it creates the possibility that an employee handbook might, under particular circumstances, be interpreted as a contract.

Even if this Court were to agree, theoretically, that an employee handbook could be a contract under Louisiana law, the undisputed facts presented in this case do not establish that a contract was created. This is so because the plaintiffs cannot establish that the Employee Agreement was a contract created by the mutual consent of the parties. There is no suggestion – and certainly no evidence – that the Employee Agreement was the result of negotiations between the Employee Defendants and the plaintiffs. Instead, it is clear that the Employee Agreement was issued by the

---

[33] See, e.g., *Keller s. Sisters of Charity of Incarnate Word*, 597 So.2d 1113, 1115 (La. App. 2 Cir. 1992; *Mix v. Univ. of New Orleans*, 609 So.2d 958, 964 (La. App. 4 Cir. 1992), writ denied, 612 So.2d 83 (La. 1993); *Thebner v. Xerox Corp.*, 480 So.2d 454, 457 (La. App. 3 Cir. 1985).

[34] *Fairbanks v. Tulane University*, 98-1228 (La. App. 4 Cir. 03/31/99), 731 So.2d 983, 991.

plaintiffs to the Employee Defendants and constitutes a unilateral statement by the plaintiffs of their policies and procedures.

The Employee Agreement states that "[d]uring your employment at the Company, you may have access to confidential and proprietary data which is not known by competitors or within the industry. . . . [A]n employee must not use any such confidential information for personal benefit or for the benefit of any person, third party, or entity other than the Company. An employee must also use his/her best efforts to limit access to such confidential information only to those who have a need to know it for business purposes for the company. . . . All appropriate precautionary and security measures should be taken to protect the confidentiality of the information." (Rec. Doc. 1-3 at 18; Rec. Doc. 1-4 at 18, Rec. Doc. 1-5 at 18). However, the Employee Agreement does not define confidential data, proprietary data, or confidential information. Notably, the Employee Agreement also states that "[a]ll employees are required to sign the Company's Non-Disclosure Agreement upon hire." (Rec. Doc. 1-3 at 18; Rec. Doc. 1-4 at 18; Rec. Doc. 1-5 at 18). This suggests that the Employment Agreement contemplated that the plaintiffs' employees would be asked to sign a separate nondisclosure agreement, which might have been a binding contract, but no such agreement was filed along with the complaint or referenced in the parties' briefing.

The Employment Agreement states that "[t]he Company reserves the right to revise, modify, delete[,] or add to any and all policies, procedures, work rules[,] or benefits stated in this handbook or in any other document. . . . Any written changes will be distributed to all employees so that you will be aware of the new policies and procedures." (Rec. Doc. 1-3 at 5; Rec. Doc. 1-4 at 5; Rec. Doc. 1-5 at 5). This clearly indicates that the employees' consent was not solicited prior to the formulation of company policies or procedures and that an employee's recourse upon disagreement with a policy or procedure was the fact that "[y]ou are free to terminate your employment with the Company at any time. . . ." (Rec. Doc. 1-3 at 5; Rec. Doc. 1-4 at 5; Rec. Doc. 1-5 at 5).

The Employee Agreement sets forth policies and procedures, the violation of which may be deemed grounds for the termination of an employee's employment. The "Handbook Acknowledgment Receipts" signed by Stagg, Lanclos, and Courville stated that each of them received a copy of the handbook, but also stated that "this Handbook states the Company's policies and practices in effect on the date of publication. . . . [T]hese policies and procedures are continually evaluated and may be amended, modified[,] or terminated at any time." (Rec. Doc. 1-3 at 21; Rec. Doc. 1-4 at 21; Rec. Doc. 1-5 at 21). A document that can be unilaterally amended for any reason by one party is not a contract to which another party has consented.

## Conclusion

For the reasons set forth above, this Court finds that the plaintiffs have not stated and cannot state a plausible claim for breach of contract against defendants Stagg, Lanclos, and Courville since the Employee Agreement is not a valid contract. Accordingly,

IT IS ORDERED that the defendants' motion for judgment on the pleadings (Rec. Doc. 63) is GRANTED, and the plaintiff's breach of contract claim against defendants Stagg, Lanclos, and Courville is DISMISSED WITH PREJUDICE.

Signed at Lafayette, Louisiana on this 6th day of September, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE