UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PURE AIR DAIGLE, LLC, ET AL. | CIVIL ACTION NO. 6:16-cv-01322 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CHARLES STAGG, II, ET AL. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending is the motion for partial summary judgment with regard to Count VI of the plaintiffs' complaint (Rec. Doc. 69), which was filed by all of the defendants, namely Charles Stagg, II, Michael Scott Lanclos, Phillip Courville, Jr., Brad Guidry, Capitol Welders Supply Co., Inc., and St. Landry Gas & Supply, L.L.C. In Count VI, the plaintiffs contended that the defendants converted the plaintiffs' "valuable assets, business opportunities, and customer relationships." (Rec. Doc. 1 at 18). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

### BACKGROUND

Defendants Stagg, Lanclos, Courville, and Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs are the successors of that company. Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs. In 2016, Capitol formed defendant St. Landry Gas & Supply, L.L.C., which is a competitor of the plaintiffs. The Employee

Defendants left their employment with the plaintiffs and all of them went to work for St. Landry Gas.

In their complaint, the plaintiffs asserted claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, breach of fiduciary duties, conversion, conspiracy, tortious interference with contractual relationships, and tortious interference with business relationships.

The instant motion relates solely to the plaintiffs' conversion claim. The plaintiffs claim that the defendants tortiously converted the plaintiffs' "valuable assets," by "retaining copies of confidential customer and supplier lists, delivery schedules, and customer requirements" and also tortiously converted the plaintiffs' business opportunities and customer relationships. Finally, the plaintiffs seek the return of tanks, cylinders, valves, and gases that belong to the plaintiffs but are in the possession of defendant Capitol Welders because it was the plaintiffs' supplier. (Rec. Doc. 1 at 18-19).

## LAW AND ANALYSIS

### A.    THE APPLICABLE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the

moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.  TORTIOUS CONVERSION**

A federal court sitting in diversity must apply state substantive law and federal procedural law.[8] Because this is a diversity case, Louisiana's substantive law must be applied.[9] To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court.[10] When the state's highest court has not decided an issue, the court must make an "*Erie* guess" as to how the state supreme court would decide the issue.[11] In making such a guess, the federal court may rely upon state appellate court decisions, unless persuasive data convinces the court that the state

---

[6]  *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7]  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8]  *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

[9]  See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[10]  *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[11]  *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013); *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

supreme court would decide the issue differently.[12] When making an *Erie* guess concerning Louisiana law, the Fifth Circuit relies upon "(1) decisions of the [Louisiana] Supreme Court in analogous cases, (2) the rationales and analyses underlying [Louisiana] Supreme Court decisions on related issues, (3) dicta by the [Louisiana] Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which [Louisiana] courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries."[13]

Under Louisiana law, things may be either movables or immovables.[14] Corporeal movables are things that can move or be moved from place to place, while incorporeal movables are rights, obligations, and actions that apply to movable things.[15] Louisiana jurisprudence is clear that conversion is the tortious interference with a person's movable property. As the Louisiana Supreme Court stated, "the unlawful interference with the ownership or possession of a movable. . . is frequently

---

[12] *Guilbeau v. Hess Corporation*, 854 F.3d 310, 311-12 (5th Cir. 2017); *Temple v. McCall*, 720 F.3d at 307; *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008).

[13] *Gulf and Mississippi River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488–89 (5th Cir. 2013) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006))).

[14] Louisiana Civil Code Article 448.

[15] Louisiana Civil Code Articles 471, 473.

termed an action for 'conversion' in Louisiana."[16] Tortious conversion has been defined as any distinct act of dominion wrongfully exerted over a person's personal property in denial of or inconsistent with their rights therein.[17] In other words, "[c]onversion is an intentional tort that consists of an act in derogation of the plaintiffs' possessory rights."[18] "Conversion is a tort, a wrongful act. . . an offense against possession of property."[19] "A conversion is committed when any of the following occurs: (1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel."[20] Black's Law Dictionary defines the word "chattel" to mean movable property.[21] Therefore,

---

[16] *Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 721 So.2d 853, 857 (La. 1998).

[17] *Kaplan v. Associates Discount Corp.*, 217 So.2d 177, 180 (La. 1968).

[18] *Aymond v. State, Dept. of Revenue and Taxation*, 95–1663 (La. App. 1 Cir. 04/04/96), 672 So.2d 273, 275 (citing *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La.,1985)).

[19] *Hopper v. Bills*, 232 So.2d 296, 300 (La. 1970).

[20] *Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 98–0343 (La. 12/1/98), 721 So.2d 853, 857.

[21] *Uptown Grill, LLC v. Shwartz*, No. 13-6560 c/w 14-810, 14-837, 2017 WL 2312882, at *10 (E.D. La. May 26, 2017) (quoting Black's Law Dictionary (8th ed. 2004)).

to reiterate, conversion under Louisiana law is the tortious interference with a person's movable property. While there is no express reference to an action for conversion in the Louisiana Civil Code, such a cause of action has been inferred from the Civil Code articles providing that the right of ownership, possession, and enjoyment of movables are protected by actions for the recovery of the movables themselves, actions for restitution of their value, and actions for damages.[22]

## C. CONVERSION OF THE PLAINTIFFS' ASSETS

The plaintiffs contend that the Employee Defendants took to their new employment with St. Landry Gas certain of the plaintiffs' "valuable assets" by "retaining copies of confidential customer and supplier lists, delivery schedules, and customer requirements." (Rec. Doc. 1 at 18). In support of the motion for partial summary judgment, however, the defendants submitted affidavits from each of the Employee Defendants,[23] stating that they did not retain any lists, delivery schedules, records, or other documents when they left their former employment and went to work for St. Landry Gas. Similarly, each Employee Defendant stated in his affidavit that he did not give to the Corporate Defendants anything that belonged to his former

---

[22] *Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 721 So.2d 853, 856 (La. 1998).

[23] Rec. Docs. 69-7, 69-8, 69-9, 69-10.

employer. At the hearing on the motion for preliminary injunction, it was established that Stagg's laptop was wiped when he went to work for the St. Landry Gas and that no evidence was presented establishing whether any of Daigle's information remained on his i-phone after he terminated his employment with the plaintiffs. No new evidence was submitted to change those conclusions. While the plaintiffs suggest that Stagg's providing a lease form to Kelly Root was conversion of the plaintiffs' document, this Court previously found that the lease form provided was blank, readily accessible online, and neither confidential nor proprietary. (Rec. Doc. 49 at 16). No new evidence was submitted to change those conclusions. In summary, this Court previously found that "[t]here is no evidence that the employee defendants retained or took any movable property of Daigle when they resigned, or that they brought any such property with them to St. Landry Gas. There is no evidence that the corporate defendants, and more specifically Capitol, retained possession of any of Daigle's movable assets." (Rec. Doc. 49 at 35).

In response to the defendants' motion, the plaintiffs presented no factual evidence refuting the statements set forth in the Employee Defendants' affidavits or calling into question the conclusions reached by this Court in its earlier ruling. Accordingly, this Court finds that it is undisputed that the Employee Defendants did

not convert confidential customer and supplier lists, delivery schedules, or customer requirements belonging to Daigle, as alleged in the complaint.

D. **CONVERSION OF THE PLAINTIFFS' BUSINESS OPPORTUNITIES AND CUSTOMER RELATIONSHIPS**

The plaintiffs contend in their complaint that the defendants converted their business opportunities and customer relationships. As explained above, however, Louisiana law defines conversion as an interference with an owner's interest in movable property. The plaintiffs suggested that customer relationships and business opportunities are also capable of being converted, but they cited no cases classifying customer relationships and business opportunities as movables. The cases cited by the plaintiffs in support of the proposition that customer relationships and business opportunities may be converted actually do not hold that customer relationships or business opportunities are subject to conversion under Louisiana law. One of the cited cases[24] recognizes a cause of action under Louisiana law for tortious interference with business relationships separate and apart from conversion principles, but it requires proof of actual malice, an element not mentioned in the

---

[24] *St. Landry Homested Fed. Sav. Bank v. Vidrine*, 2012-1406 (La. App. 3 Cir. 06/12/12), 118 So.3d 470, 490, *writs denied*, 2013-2218 (La. 12/02/13), 126 So.3d 1283) ("While recognizing that a cause of action exists for tortious interference with a business relationship, the courts do not look on this particular cause of action with favor. Proof of this cause of action has been made more difficult by the imposition of an 'actual malice' element of proof on the plaintiff."

parties' briefing. Furthermore, it is a completely separate tort from conversion. Therefore, having been directed to no governing statutory or jurisprudential authority holding otherwise, this Court finds that only movables may be converted under Louisiana law and declines to find that customer relationships or business opportunities are movables susceptible of conversion.

E. **CONVERSION OF TANKS, CYLINDERS, VALVES, AND GASES**

Neither party addressed the plaintiff's claim that "as a supplier to Daigle, Capitol Welders possesses certain of Daigle's property, including, without limitation, tanks, cylinders, valves, and gases. Capitol Welders should be ordered to return any such property that is currently in its possession to Daigle." (Rec. Doc. 1 at 19). As noted above, tortious conversion is defined as an act of dominion wrongfully exerted over a person's personal property.[25] If one of the Corporate Defendants possesses certain of the plaintiffs' property because it was the plaintiffs' supplier, the possession of the property by a defendant was not wrongful but was with knowledge or at least acquiescence of the plaintiffs. Therefore, it was not conversion. Furthermore, it was established at the hearing on the plaintiff's motion for preliminary injunction that the Corporate Defendants did not, at that time, have any cylinders or gas packaging equipment owned by the plaintiffs in their possession.

---

[25] *Kaplan v. Associates Discount Corp.*, 217 So.2d 177, 180 (La. 1968).

(Rec. Doc. 49 at 20). No evidence was presented to refute that conclusion. This Court therefore concludes that there is no evidence that the defendants converted any of the plaintiffs' tanks, cylinders, valves, and gases.

## CONCLUSION

For the reasons set forth above, this Court finds that customer relationships and business opportunities are not susceptible of conversion under Louisiana law, further finds that there is no genuinely disputed issue of material fact concerning whether the defendants converted the plaintiffs' movable property, and concludes that the defendants are entitled to summary judgment in their favor with regard to the plaintiffs' conversion claim. Accordingly, the defendants' motion for partial summary judgment (Rec. Doc. 69) is GRANTED, and the plaintiffs' claim for conversion is DISMISSED WITH PREJUDICE.

Signed at Lafayette, Louisiana on this 6th day of September 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE