UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PURE AIR DAIGLE, LLC, ET AL. | CIVIL ACTION NO. 6:16-cv-01322 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CHARLES STAGG, II, ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the motion for judgment on the pleadings (Rec. Doc. 61) under Fed. R. Civ. P. 12(c), which was filed by all of the defendants, namely Charles Stagg, II, Michael Scott Lanclos, Phillip Courville, Jr., Brad Guidry, Capitol Welders Supply Co., Inc., and St. Landry Gas & Supply, L.L.C. with regard to Counts IV and V of the plaintiffs' complaint. In Count IV, the plaintiffs contended that the defendants tortiously interfered with the plaintiffs' contractual relationships with their customers. In Count V, the plaintiffs contended that the defendants tortiously interfered with their business relationships. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is granted in part and denied in part.

### BACKGROUND

Defendants Stagg, Lanclos, Courville, and Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs, Pure Air Daigle, L.L.C., and Pure Air [US], LLC, are the successors of that company.

Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs. In 2016, Capitol Welders formed defendant St. Landry Gas & Supply, L.L.C., which is a competitor of the plaintiffs. The Employee Defendants left their employment with the plaintiffs and all of them went to work for St. Landry Gas.

In their complaint, the plaintiffs asserted claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, breach of fiduciary duties, conversion, conspiracy, tortious interference with contractual relationships, and tortious interference with business relationships.

The instant motion relates solely to the plaintiffs' tortious interference claims. The plaintiffs asserted a claim for tortious interference with contractual relationships, contending that they had contracts with each of their customers, and that the defendants made false statements to the customers in an effort to induce them not to do business with the plaintiffs. The plaintiffs also asserted a claim for tortious interference with business relationships, contending that the defendants made false and deceptive statements with actual malice in an effort to stop the plaintiffs' customers from doing business with them.

LAW AND ANALYSIS

A. THE APPLICABLE STANDARD

Fed. R. Civ. P. 12(c) states that, after the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings. A Rule 12(c) motion is resolved under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss.[1] A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[2]

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[3] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[4] The court must accept all well-pleaded facts as true, and it must view them in the light

---

[1] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[2] *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

[3] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[4] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

most favorable to the plaintiff.[5] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[6] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[7]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[8] The allegations must be sufficient "to raise a right to relief above the speculative level,"[9] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[10] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[5] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[6] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[8] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[9] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[10] *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

elements of a cause of action will not do."[11] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[12]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[15]

---

[11] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[13] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[14] *Ashcroft v. Iqbal*, 556 U.S. at679.

[15] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

B.   **THE APPLICABLE LAW**

A federal court sitting in diversity must apply state substantive law and federal procedural law.[16] Because this is a diversity case, Louisiana's substantive law must be applied.[17] To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court.[18] When the state's highest court has not decided an issue, the court must make an "*Erie* guess" as to how the state supreme court would decide the issue.[19] In making such a guess, the federal court may rely upon state appellate court decisions, unless persuasive data convinces the court that the state supreme court would decide the issue differently.[20] When making an *Erie* guess concerning Louisiana law, the Fifth Circuit relies upon "(1) decisions of the [Louisiana] Supreme Court in analogous cases, (2) the rationales and analyses underlying [Louisiana] Supreme Court decisions on related issues, (3) dicta by the [Louisiana] Supreme Court, (4) lower state court decisions, (5) the general rule on the

---

[16] *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

[17] See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[18] *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[19] *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013); *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[20] *Guilbeau v. Hess Corporation*, 854 F.3d 310, 311-12 (5th Cir. 2017); *Temple v. McCall*, 720 F.3d at 307; *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008).

question, (6) the rulings of courts of other states to which [Louisiana] courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries."[21]

## C. TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

Louisiana law recognizes the tort of intentional interference with contractual relations as arising out of Louisiana Civil Code article 2315 and existing when a corporate officer intentionally and unjustifiably interferes with a contractual relationship between his employer and the plaintiff.[22] To bring a successful claim, the plaintiff must provide evidence of: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) the absence of justification on the part of the officer; (5) the causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.[23]

---

[21] *Gulf and Mississippi River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488–89 (5th Cir. 2013) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006))).

[22] *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989).

[23] *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d at 234.

When the Louisiana Supreme Court recognized this tort, in *9 to 5 Fashions, Inc. v. Spurney*, it also recognized that its scope is limited, and the Supreme Court has not subsequently revisited the scope of the cause of action.[24] Consequently, the Fifth Circuit has been cautious about expanding the tort beyond the limits described by the Louisiana Supreme Court.[25] Indeed, "courts – especially federal courts – generally limit *9 to 5* to its facts."[26]

1. **THE PLAINTIFFS FAILED TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST THE CORPORATE DEFENDANTS**

While Louisiana appellate courts are split on whether a cause of action can be brought against a corporate entity,[27] federal courts applying Louisiana law have made an *Erie*-guess and have determined that a plaintiff cannot bring an intentional

---

[24] *Ashford v. Aeroframe Services LLC*, No. 2:14-cv-00992, 2017 WL 2293109, at *9 (W.D. La. May 24, 2017) (citing *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 395 (5th Cir. 2012)). See, also, *Total Safety v. Rowland*, No. 13-6109, 2014 WL 6485641, at *3 (E.D. La. Nov. 18, 2014) ("The Louisiana Supreme Court has not directly addressed the scope of this cause of action since the decision in *9 to 5 Fashions*.")

[25] See *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d at 395.

[26] *M & D Mineral Consultants, LLC v. Wenting Li*, No. 12-2082, 2013 WL 883689, at *3 (W.D. La. Mar. 7, 2013) (citing *Am. Favorite Chicken Co. v. Cajun Enterprises, Inc.*, 130 F.3d 180, 184 (5th Cir .1997)).

[27] *Tech. Control Sys, Inc. v. Green*, 2001-0955 (La. App. 3 Cir. 2/27/02), 809 So. 2d 1204, 1207, *writ denied*, 2002-0962 (La. 5/31/02), 817 So. 2d 100 (declining to extend the tort to allow a cause of action against a corporate entity); *Neel v. Citrus Lands of La, Inc.*, 629 So. 2d 1299, 1301 (La. App. 4 Cir. 1993) (allowing a cause of action against a corporate entity if the entity owed a duty to the plaintiff).

interference with contractual relations claim against a corporate entity.[28]  "Federal courts have come to this conclusion by conservatively interpreting *9 to 5* to prevent federal expansion of Louisiana tort law."[29]  Additionally, at least one federal court has reasoned that "a corporate entity [cannot be held] liable through respondeat superior for [intentional interference with contractual relations] claims asserted against a corporate officer because, by definition, [this] claim involves conduct beyond the scope of the officer's corporate authority."[30]  This court agrees with the *Erie*-guess made by other Louisiana federal courts and finds that Louisiana does not recognize an intentional interference with contractual relations claim against a corporation individually or under a theory of respondeat superior.  Therefore, the plaintiffs have not stated a valid claim for intentional interference with contractual relations against the Corporate Defendants.

---

[28]  *Total Safety v. Rowland*, 2014 WL 6485641, at *4 (declining to extend the cause of action beyond corporate officers); *Boudreaux v. OS Restaurant Services, LLC*, 58 F.Supp.3d 634, 638 (E.D. La. 2014); *Mountain States Pipe & Supply Co. v. City of New Roads, La*, No. 12-2146, 2013 WL 3199724, at *5 (E.D. La. June 21, 2013); *M & D Mineral Consultants LLC v. Wenting Li*, 2013 WL 883689, at *4.

[29]  *Ashford v. Aeroframe Services LLC*, 2017 WL 2293109, at *9.

[30]  *Bollinger v. Tanner Companies, LP*, No. 02-3248, 2003 WL 1824836, at *2 (E.D. La. Apr. 7, 2003).  The same conclusion was reached in *Ashford v. Aeroframe Services LLC*, 2017 WL 2293109, at *9.

**2. THE PLAINTIFFS FAILED TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST THE EMPLOYEE DEFENDANTS**

The Louisiana Supreme Court imposed a second limitation on the scope of this tort. In *9 to 5*, the Louisiana Supreme Court recognized a cause of action for intentional interference with contractual relations only "against a corporate officer."[31] In other words, a claim for tortious interference with contractual relations "must be directed at an individual corporate officer."[32] But the plaintiffs' complaint does not allege that any of the Employee Defendants were corporate officers. In accordance with *Erie*, this federal court sitting in diversity must apply state substantive law as stated in the final decisions of the state's highest court, and the Fifth Circuit has found the Louisiana Supreme Court's decision in *9 to 5 Fashions, Inc. v. Spurney* to be "a controlling opinion on the scope of the action for tortious interference with a contract."[33] This Court therefore concludes that the Louisiana Supreme Court would not recognize the plaintiffs' claims against the Employee Defendants because the claims are not asserted against corporate officers. Consequently, this Court finds that

---

[31] *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d at 234.

[32] *Magnolia Financial Group v. Antos*, No. 15-7144, 2016 WL 7407174, at *3 (E.D. La. Dec. 22, 2016) (citing *Boudreaux v. OS Restaurant Services, L.L.C.*, 58 F. Supp. 3d at 638.

[33] *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d at 396.

the plaintiffs have not stated a plausible claim for tortious interference with contractual relations against the Employee Defendants.

## C. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

The Louisiana Supreme Court recognizes a cause of action for tortious interference with business arising under Louisiana Civil Code Article 2315.[34] However, Louisiana courts view tortious interference with business relations claims with disfavor.[35] This tort "is based on the principle that the right to influence others not to deal is not absolute."[36] "Louisiana law protects the businessman from malicious and wanton interference, permitting only interferences designed to protect a legitimate interest of the actor."[37] To prevail on such a claim, a plaintiff cannot merely show that a defendant's actions affected his business interests; instead, the plaintiff must establish that the defendant actually prevented the plaintiff from

---

[34] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981) (citing *Graham v. St. Charles St. Railroad*, 18 So. 707 (La. 1895)); *Iberiabank v. Broussard*, No. 6:14-CV-2448, 2016 WL 4571207, at *2 (W.D. La. Aug. 30, 2016).

[35] *Iberiabank v. Broussard*, 2016 WL 4571207, at *3 (citing *Henderson v. Bailey Bark Materials*, 47,946-CA (La. App. 2 Cir. 04/10/13), 116 So.3d 30, 37; *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 2001-CA-1096 (La. App. 4 Cir. 2002), 812 So.2d 834, 841).

[36] *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992).

[37] *Junior Money Bags, Ltd. v. Segal*, 970 F.2d at 10 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d at 601 (internal quotations marks omitted)).

dealing with a third party.[38] A plaintiff must also show that the defendant acted with malice.[39] "Although its meaning is not perfectly clear, the malice element seems to require a showing of spite or ill will, which is difficult (if not impossible) to prove in most commercial cases in which conduct is driven by the profit motive, not by bad feelings."[40] A court in this district recently noted that there appear to be no reported cases in which anyone actually has been held liable for this tort.[41]

In resolving this motion, the court must consider only the allegations of the plaintiffs' complaint and cannot take into account the evidence presented at the hearing on the plaintiffs' motion for injunctive relief. In the complaint, the plaintiffs alleged that the Employee Defendants made false statements, with malice, to the plaintiffs' customers, Prairie Contractors, Inc. and Mike's Repair Service, which caused those customers to stop doing business with the plaintiffs. For the purpose of

---

[38] *Ashford v. Aeroframe Services LLC*, 2017 WL 2293109, at *16; *Bogues v. Louisiana Energy Consultants, Inc.*, 46,434 (La. App. 2 Cir. 8/10/11), 71 So.3d 1128, 1135; *Ustica Enterprises, Inc. v. Costello*, 434 So.2d 137, 140 (La. App. 5 Cir. 1983).

[39] *Iberiabank v. Broussard*, 2016 WL 4571207, at *3 (citing *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 812 So.2d at 841; *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d at 602)).

[40] *Ashford v. Aeroframe Services LLC*, 2017 WL 2293109, at *16 (quoting *Bogues v. Louisiana Energy Consultants, Inc.*, 71 So. 3d at 1135 (in turn quoting *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 812 So. 2d at 841)).

[41] *Iberiabank v. Broussard*, 2016 WL 4571207, at *3 (quoting *JCD Marketing Co. v. Bass Hotels and Resorts, Inc.*, 812 So.2d at 841 (quoting George Denegre, Jr., et al., Tortious Interference and Unfair Trade Claims: Louisiana's Elusive Remedies for Business Interference, 45 Loy. L. Rev. 395, 401 (1999))).

resolving the instant motion, those allegations must be taken as true. When that is done, the allegations are sufficient to state a plausible cause of action for tortious interference with business relations.

## CONCLUSION

For the reasons set forth above, this Court finds that the plaintiffs have stated a plausible claim for tortious interference with business relations but have not stated a plausible claim for tortious interference with contractual relations. Accordingly,

IT IS ORDERED that the defendants' motion for judgment on the pleadings (Rec. Doc. 61) is GRANTED IN PART and DENIED IN PART. More particularly, the motion is granted with regard to the plaintiffs' claim for tortious interference with contractual relations in Count IV and that claim is dismissed with prejudice; however, with regard to the plaintiffs' claim for tortious interference with business relations in Count V, the motion is denied.

Signed at Lafayette, Louisiana on this 6th day of September 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE