UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PURE AIR DAIGLE, LLC, ET AL. | CIVIL ACTION NO. 6:16-cv-01322 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CHARLES STAGG, II, ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the motion to tax costs and award attorneys' fees (Rec. Doc. 71), which was filed by the plaintiffs, Pure Air Daigle, L.L.C. and Pure Air [US], LLC. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

## BACKGROUND

Defendants Stagg, Lanclos, Courville, and Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs, Pure Air Daigle, L.L.C., and Pure Air [US], LLC, are the successors of that company. Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs. In 2016, Capitol Welders formed defendant St. Landry Gas & Supply, L.L.C., which is a competitor of the plaintiffs. The Employee Defendants left their employment with the plaintiffs and all of them went to work for St. Landry Gas.

In their complaint, the plaintiffs asserted claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, breach of fiduciary duties, conversion, conspiracy, tortious interference with contractual relationships, and tortious interference with business relationships. The plaintiffs' complaint indicates that, in addition to seeking damages, the plaintiffs were also seeking a temporary restraining order, and preliminary and permanent injunctions. On the same day that they filed the complaint, the plaintiffs also filed a motion for temporary restraining order and a motion for preliminary injunction. An evidentiary hearing was held on December 6, 2016 through December 9, 2016. On January 11, 2017, this Court issued its findings of fact and conclusions of law with regard to that motion. (Rec. Doc. 49). The plaintiffs now seek to recover costs under Fed. R. Civ. P. 54 and to recover attorneys' fees under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. 51:1405 *et seq*., arguing that this Court's having granted the motion for preliminary injunction in part entitles them to the recovery of costs and attorneys' fees.

## LAW AND ANALYSIS

**A.     THE APPLICABLE STANDARD FOR AWARDING COSTS**

The plaintiffs seek to recover costs under Rule 54 of the Federal Rules of Civil Procedure, and they seek to recover attorneys' fees under LUTPA. Rule 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The costs that may be awarded are listed in 28 U.S.C. § 1920.[1] "[A] district court may decline to award the costs listed in the statute but may not award costs omitted from the list.[2] There is a strong presumption that costs should be awarded to prevailing parties.[3] Nevertheless, Rule 54(d) permits a district court to exercise its discretion and refuse to award costs to a prevailing party.[4] In fact, "[i]t is well established that the district court enjoys discretion in determining who shall bear the costs of litigation and how

---

[1] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994); *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404-05 n. 16 (5th Cir. 2002).

[2] *Coats v. Penrod Drilling Corp.*, 5 F.3d at 891.

[3] *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992); *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990).

[4] *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d at 539; *Schwarz v. Folloder*, 767 F.2d 125, 131-32 (5th Cir. 1985).

much of the costs shall be apportioned to a taxed party."[5] In exceptional circumstances, the district court may even tax costs against the prevailing party as a sanction.[6] When costs are not awarded to the prevailing party, the district court is required to provide justification for its actions.[7]

**B.     ARE THE PLAINTIFFS PREVAILING PARTIES?**

In order to recover costs under Rule 54(d), the plaintiffs must be prevailing parties. Identifying the prevailing party is central to determining whether costs should be awarded to one party or another. Noted commentators have stated that "[a] determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided."[8] In the context of a claim for attorneys' fees in a Section 1988 claim, the Fifth Circuit has held that a prevailing party is one who prevails at the time of final judgment, not the party who has

---

[5]     *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 722-23 (5th Cir. 1978). See, also, *Hall v. State Farm Fire & Casualty Co.*, 937 F.2d 210, 216-17 (5th Cir. 1991).

[6]     *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d at 539.

[7]     *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d at 539; *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d at 722-23.

[8]     *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 270 F.R.D. 262, 266 (W.D. La. 2010) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2667 (3d. Ed. 2007)).

prevailed in a "single round."[9] Therefore, there is authority for the proposition that a party is not entitled to fees under Rule 54(d)(1) by merely prevailing at one stage of litigation without ultimately prevailing in the case. As one court in the Western District of Louisiana said, "[u]ntil a final judgment, there can be no prevailing party."[10]

However, there also is countervailing authority. The United States Supreme Court has laid out the requirements for establishing prevailing party status in the context of the fee-shifting federal statutes employing the legal term of art "prevailing party."[11] Under the Supreme Court's test, a plaintiff need not receive a final judgment in its favor, but if the plaintiff's success on a claim is purely technical or *de minimis*, it is not a prevailing party.[12] Thus, some courts have noted that "[a] party who has obtained some relief usually will be regarded as the prevailing party, even if the party does not prevail on all claims."[13]

---

[9] *Rodriguez v. Handy*, 873 F.2d 814, 817 (5th Cir.1989).

[10] *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 270 F.R.D. at 266.

[11] *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

[12] *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Jenevein v. Willing*, 605 F.3d 268, 271 (5th Cir. 2010)).

[13] *Island Operating Co., Inc. v. Jewell*, No. 6:16-cv-00145, 2017 WL 924205, at *2 (W.D. La. Mar. 6, 2017) (citing *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978), superseded by statute on other grounds, 42 U.S.C. § 3614).

The plaintiffs argue that they are prevailing parties entitled to costs because their motion for injunctive relief was granted in part. The defendants argue to the contrary that the plaintiffs are not prevailing parties because the relief they received in this Court's ruling on the motion for injunctive relief was *de minimis* since the plaintiffs "requested a preliminary injunction on eight legal theories. . . [but] [f]or seven of the eight claims, this Court found a preliminary injunction was not warranted or supported by the evidence presented." (Rec. Doc. 82 at 9-10).

This Court agrees with the defendants' reasoning. The ruling on the plaintiffs' motion for injunctive relief was issued at an early stage of the litigation, was not a ruling on the merits of any of the plaintiffs' claims, and afforded only *de minimis* relief to the plaintiffs. For these reasons, this Court finds that the plaintiffs do not qualify as prevailing parties. Accordingly, this Court finds that the plaintiffs are not entitled to recover costs under Rule 54(d).

Furthermore, even if the plaintiffs did qualify as prevailing parties, this Court would exercise its discretion and deny the plaintiffs' motion for costs under Rule 54(d) for two reasons. First, this Court believes that the better course of action is to wait until a judgment on the merits of the case has been reached before costs are awarded. Second, this Court has found that the relief afforded by this Court's ruling

on the motion for injunctive relief was *de minimis* in nature and therefore does not justify deviation from the preferred course of action.

C. **WAS THE PLAINTIFFS' MOTION TIMELY?**

The defendants argue that the plaintiffs' motion should be denied as untimely. Having already found that the plaintiffs are not prevailing parties and consequently are not entitled to recover costs at this time, this Court will not address this argument except to note that "Rule 54(d) sets out no specific time limit for filing a bill of costs, effectively allowing a party to wait until after appeal."[14] Thus, once a judgment has been issued in this case, the plaintiffs may file an application to have costs taxed in accordance with the procedure set forth in Local Rule 54.3 if they are prevailing parties at that time.

D. **THE DEFENDANTS OBJECTIONS TO THE PLAINTIFFS' CLAIMED COSTS**

The defendants objected to certain of the costs claimed by the plaintiffs. Having found that the plaintiffs are not entitled to recover costs at this time, this Court will not address the defendants' objections.

---

[14] *Morris v. V4V1 Vehicles for Veterans*, No. 4:15-CV-724, 2017 WL 3034664, at *2 (E.D. Tex. July 18, 2017) (quoting *Power–One, Inc. v. Artesyn Techs., Inc.*, No. 2:05cv463, 2008 WL 4065871, at *2 (E.D. Tex. Aug. 27, 2008) (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 454 n.17 (1982) (noting that Rule 54(d) specifies no time barrier for motions for costs))).

## E.   THE PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES

The plaintiffs claim that they are entitled to recover under LUTPA the attorneys' fees they incurred in bringing their motion for injunctive relief. LUTPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.[15] The statute expressly states that "[i]n the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs."[16] The Louisiana Supreme Court has made it clear that "[t]he starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."[17] LUTPA is clearly written. Attorneys' fees may be recovered only if damages have been awarded.[18] In this case, no damages have been awarded in

---

[15] La. R.S. 51:1405.

[16] La. R.S. 51:1409(A).

[17] *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 2007-2371 (La. 07/01/08), 998 So.2d 16, 26-27, amended on reh'g (09/19/08) (internal citations and quotation marks omitted) (quoting Louisiana Civil Code Article 9).

[18] *Faris v. Model's Guild*, 297 So.2d 536, 540 (La. App. 4 Cir. 1974) ("Since plaintiff is not entitled to damages she also has no claim to attorney's fees.").

connection with the plaintiffs' LUTPA claim. Therefore, there is no basis on which the plaintiffs may be awarded attorneys' fees under that statute at this time.

## CONCLUSION

For the reasons set forth above, this Court finds: (1) the plaintiffs are not prevailing parties and consequently are not entitled to recover costs under Fed. R. Civ. P. 54(d); (2) even if the plaintiffs were prevailing parties, this Court would exercise its discretion and deny the plaintiffs' motion for costs under Fed. R. Civ. P. 54(d); and (3) the plaintiffs have not been awarded damages under LUTPA and consequently are not entitled to recover attorneys' fees under that statute. Accordingly,

IT IS ORDERED that the plaintiffs' motion to tax costs and award attorneys' fees (Rec. Doc. 71) is DENIED.

Signed at Lafayette, Louisiana on this 7th day of September 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE