UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PURE AIR DAIGLE, LLC, ET AL. | CIVIL ACTION NO. 6:16-cv-01322 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CHARLES STAGG, II, ET AL. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending is the defendants' motion for partial summary judgment with regard to the plaintiffs' conspiracy and unfair trade practices claims. (Rec. Doc. 104). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

### BACKGROUND

Defendants Charles Stagg, II, Scott Lanclos, Phillip Courville, Jr., and Brad Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs are the successors of that company. Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs. In 2016, Capitol formed defendant St. Landry Gas & Supply, L.L.C., which is a competitor of the plaintiffs. The Employee Defendants left their employment with the plaintiffs and all of them went to work for St. Landry Gas.

In their complaint, the plaintiffs asserted claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer

Protection Law ("LUTPA"), breach of fiduciary duties, conversion, conspiracy, tortious interference with contractual relationships, and tortious interference with business relationships. The instant motion relates solely to the plaintiffs' LUTPA and conspiracy claims.

## LAW AND ANALYSIS

### A. THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

demonstrate the absence of genuine issues of material fact.³ If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.⁴ All facts and inferences are construed in the light most favorable to the nonmoving party.⁵

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.⁶ The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.⁷

**B.  THE APPLICABLE LAW**

A federal court sitting in diversity must apply state substantive law and federal procedural law.⁸ Because this is a diversity case, Louisiana's substantive law must

---

³  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

⁴  *Washburn v. Harvey*, 504 F.3d at 508.

⁵  *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

⁶  *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

⁷  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

⁸  *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

be applied.[9]  To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court.[10]  When the state's highest court has not decided an issue, the court must make an "*Erie* guess" as to how the state supreme court would decide the issue.[11]  In making such a guess, the federal court may rely upon state appellate court decisions, unless persuasive data convinces the court that the state supreme court would decide the issue differently.[12]  When making an *Erie* guess concerning Louisiana law, the Fifth Circuit In making an Erie guess, relies upon "(1) decisions of the [Louisiana] Supreme Court in analogous cases, (2) the rationales and analyses underlying [Louisiana] Supreme Court decisions on related issues, (3) dicta by the [Louisiana] Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which [Louisiana] courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries."[13]

---

[9] See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[10] *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[11] *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013); *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[12] *Guilbeau v. Hess Corporation*, 854 F.3d 310, 311-12 (5th Cir. 2017); *Temple v. McCall*, 720 F.3d at 307; *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008).

[13] *Gulf and Mississippi River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488–89 (5th Cir. 2013) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d

## C. LOUISIANA LAW REGARDING UNFAIR TRADE PRACTICES

In their complaint, the plaintiffs asserted a claim against the defendants for violation of Louisiana's Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. 51:1401, *et seq*. This statute declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. "LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[14]

The elements of a cause of action under LUTPA are: (1) an unfair or deceptive trade practice declared unlawful; (2) that impacts a consumer, business competitor, or other person to whom the statute grants a private right of action; (3) which has

---

558, 564 (5th Cir. 2010) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006))).

[14] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 2009-1633 (La. 04/23/10), 35 So.3d 1053, 1057.

caused ascertainable loss.[15] Actual damages may be awarded under LUTPA.[16] The recovery of general damages is available under LUTPA, including damages for mental anguish and humiliation.[17] When a plaintiff is awarded damages under LUTPA, the plaintiff is also entitled to recover an award of attorneys' fees.[18]

Courts must decide, on a case-by-case basis, what conduct violates LUTPA.[19] Under this statute, an act need not be both unfair and deceptive to be actionable.[20] A practice is unfair "when the practice is unethical, oppressive, unscrupulous, or substantially injurious,"[21] while a practice is deceptive when it amounts to "fraud,

---

[15] *Elliott Company v. Montgomery*, No. 6:15-02404, 2016 WL 6301042, at *5 (W.D. La. Sept. 28, 2016), *report and recommendation adopted*, 2016 WL 6301106 (W.D. La. Oct. 26, 2016); *FloQuip, Inc. v. Chem Rock Techs.*, No. 6:16-0035, 2016 WL 4574436, at *16 (W.D. La. June 20, 2016), *report and recommendation adopted*, 2016 WL 4581345 (W.D. La. Sept. 1, 2016); *Frontline Petroleum Training System, LLC v. Premier Safety Management, Inc.*, No. 6:13-cv-01259, 2013 WL 6667332, at *4 (W.D. La. Dec. 17, 2013); *Who Dat Yat LLC v. Who Dat? Inc.*, No. 10-1333, 10-2296, 2011 WL 39043, at *3 (E.D. La. Jan. 4, 2011).

[16] La. R.S. 51:1405.

[17] *Gandhi v. Sonal Furniture & Custom Draperies, L.L.C.*, 49,959 (La. App. 2 Cir. 07/15/15), 192 So.3d 783, 792, *writ denied*, 15-1547 (La.10/23/15), 184 So.3d 19.

[18] La. R.S. 51:1409(A).

[19] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1059.

[20] *Jefferson v. Chevron U.S.A. Inc.*, 97-2436 (La. App. 4 Cir. 05/20/98), 713 So.2d 785, 792, *writ denied*, 98-1681 (La. 10/16/98).

[21] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1059-60.

deceit or misrepresentation."[22] Thus, "LUTPA claims are not limited solely to allegations of fraud, but may be independently premised on a range of non-fraudulent conduct."[23]

Negligent acts do not violate the LUTPA,[24] and LUTPA does not provide an alternative remedy for breaches of contract.[25] Furthermore, "LUTPA does not prohibit sound business practices, the exercise of permissible business judgment, or appropriate free enterprise transactions."[26]

With regard to the particular context of this lawsuit, it is well established that LUTPA is not violated when employees merely terminate their employment and then go to work for their former employer's competitor. "[A]t-will employees are free to exercise their right to change employment, even if they decide to work for a competitor of their former employer."[27] "[A]t the termination of [his] employment,

---

[22] *Rockwell Automation, Inc. v. Montgomery*, No. 17-415, 2017 WL 2294687, at *3 (W.D. La. May 24, 2017); *Southern General Agency, Inc. v. Burns & Wilcox, Ltd.*, 09-1918, 2012 WL 3987890, at *1 (W.D. La. Sept. 11, 2012).

[23] *Mabile v. BP, p.l.c.*, No. 11-1783, 2016 WL 5231839, at *24 (E.D. La. Sept. 22, 2016), 144 So.3d 1011, 1025.

[24] *Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.*, 2013-1582 (La. 05/07/14) 144 So.3d 1011, 1025; *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993).

[25] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1060 (quoting with approval *Turner v. Purina Mills, Inc.*, 989 F.2d at 1422).

[26] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1060.

[27] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1060.

an employee can go to work for a competitor or form a competing business. Even before termination, the employee can seek other work or prepare to compete."[28] "An employee's involvement in forming a competitive entity, including the solicitation of business and the hiring of employees, prior to terminating his current employment relationship, is not an unfair trade practice."[29]

Furthermore, while the solicitation and diversion of an employer's customers prior to termination of employment constitutes unfair competition entitling the former employer to recover damages,[30] the solicitation of customers after the end of employment does not form the basis of a cause of action for unfair competition.[31] An employee is free to solicit customers from his former employer "as long as he does so based on his memory, experience, or personal contacts, rather than through the use

---

[28] *American Machinery Movers, Inc.*, 136 F.Supp.2d at 604 (quoting *United Group of Nat. Paper Distributors, Inc. v. Vinson*, 27,739 (La. App. 2 Cir. 01/25/96), 666 So.2d 1338, 1348, *writ denied*, 96-0714 (La. 09/27/96), 666 So.2d 1338). See, also, *SDT Industries, Inc. v. Leeper*, 34,655 (La. App. 2 Cir. 08/16/01), 793 So.2d 327, 333, *writ denied*, 2001-2558 (La. 12/07/01), 803 So.2d 973.

[29] *SDT Industries, Inc. v. Leeper*, 793 So.2d at 333.

[30] *Dufau v. Creole Engineering, Inc.*, 465 So.2d 752, 758 (La. App. 5th Cir.), *writ denied*, 468 So.2d 1207 (La. 1985).

[31] *First Page Operating Under the Name and Corporate Entity, Groome Enterprises, Inc. v. Network Paging, Corp.*, 628 So.2d 130, 137 (La. App. 4 Cir. 1993), *writ denied*, 634 So.2d 379 (La. 1994); *Boncosky Servs., Inc. v. Lampo*, 98-2239 (La. App. 1 Cir. 11/05/99), 751 So.2d 278, 287, *writ denied*, 2000-0322 (La. 03/24/00), 758 So.2d 798.

of confidential information of the former employer."[32]  "A former employee who enters business in competition with his former employer necessarily utilizes the experience he acquired and the skills he developed while in a former employment."[33] "[T]he mere fact that each individual defendant brought with [him] his knowledge of previous business contacts and relationships and specialized knowledge of the. . . business does not constitute a violation of LUPTA."[34]

### D. BREACH OF FIDUCIARY DUTIES

In ruling on a separate motion for partial summary judgment with regard to the plaintiffs' claim for breach of fiduciary duties, this Court noted the jurisprudence finding that a claim for breach of fiduciary duty is often interwoven with a claim for unfair trade practices and declined to rule on the motion addressing breach of fiduciary duties without also addressing the claim for unfair trade practices. By the same token, it would also be inappropriate for this Court to resolve a motion addressing only the unfair trade practices claim without also addressing the plaintiffs' claim for breach of fiduciary duty.

---

[32] *American Machinery Movers, Inc. v. Machinery Movers of New Orleans, LLC*, 136 F.Supp.2d 599, 604 (E.D. La. 2001), *affirmed*, 34 Fed. App'x 150 (5th Cir. 2002); see also *CheckPoint Fluidic Systems Intern., Ltd. v. Guccione*, 888 F.Supp.2d 780, 796 (E.D. La. 2012).

[33] *Boncosky Servs., Inc. v. Lampo*, 751 So.2d at 287.

[34] *Creative Risk Controls, Inc. v. Brechtel*, 01-1150 (La. App. 5 Cir. 04/29/03), 847 So.2d 20, 25, *writ denied*, 2003-1769 (La. 10/10/03), 855 So.2d 353.

In Louisiana jurisprudence, the issue of whether an employee has breached a fiduciary duty owed to his employer is intertwined with the issue of whether the employee's actions constitute an unfair trade practice.[35] More particularly, the issue of whether an employee improperly competed with his employer's business while still employed, as is alleged in this case, implicates both the issue of whether the employee breached fiduciary duties owed to his employer and the issue of whether the employee engaged in unfair trade practices. But the instant motion does not raise both issues. This Court finds that it would be an uneconomical use of judicial time and effort – and therefore inappropriate – to resolve the issue of whether the defendants engaged in unfair trade practices without also deciding whether they breached their fiduciary duties to the plaintiffs, as these issues are so tightly interwoven. Therefore, this Court declines the defendants' invitation to address the alleged use of unfair trade practices without also addressing the alleged breach of fiduciary duties. For that reason, the instant motion will be denied.

E. **GENUINE ISSUE OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT IN THE DEFENDANTS' FAVOR REGARDING UNFAIR TRADE PRACTICES**

---

[35] See, e.g., *Huey T. Littleton Claims Service, Inc. v. McGuffee*, 497 So.2d 790, 794 (La. App. 3 Cir. 1986) (finding that solicitation of employer's customers prior to resigning and copying employer's confidential customer lists were both a breach of the employee's fiduciary duty to his employer and a violation of LUTPA).

This Court has decided not to consider the defendants' motion for summary judgment with regard to the plaintiffs' unfair trade practices claim at this time. However, this Court further notes that, if it were to rule on the instant motion at this time, it would be required to find that there are genuine issues of material fact that preclude summary judgment in the defendants' favor.

In their motion for partial summary judgment, the defendants focused on the damages element of the plaintiffs' LUTPA claim and the plaintiffs' allegation that the Employee Defendants made disparaging comments to the plaintiffs' customers in an attempt to persuade them to stop doing business with Daigle and to switch their business to St. Landry Gas. The defendants argued that the plaintiffs identified twenty-one customers in answers to interrogatories that Daigle lost due to the Employee Defendants' derogatory comments and then identified only six customers to whom derogatory comments were made. The defendants then submitted affidavits from various persons in an effort to show that the alleged derogatory comments were not made and that some of the customers who stopped using Daigle and switched to St. Landry Gas did so because St. Landry Gas's prices were lower and not because of any comments made by any of the Employee Defendants.

But the plaintiffs did not allege in their complaint that their damages were solely in the form of lost customers; they also alleged that they lost income as a result

of the alleged unfair trade practices.[36]  In opposition to the defendants' motion, the plaintiffs submitted the declaration of Rocky Slocum, the owner of Rocky's Fuel Express in Bunkie, Louisiana.[37]  Mr. Slocum stated that in December 2016, defendant Scott Lanclos, then an employee of St. Landry Gas, made false statements to him that Daigle might be going out of business and that the lawsuit between Daigle and St. Landry had already been settled.  Mr. Slocum also stated that St. Landry Gas offered him lower prices than he was paying to Daigle, that he initially took steps to switch his business to St. Landry Gas, but that he ultimately did not switch over because Daigle lowered its prices to match those offered by St. Landry Gas.  This declaration raises the issue of whether Mr. Lanclos's false statements were unfair trade practices and establishes that Daigle potentially lost income by matching its formerly higher prices to the lower ones offered by St. Landry Gas.

Therefore, if this Court were ruling on the motion for partial summary judgment based on the record currently presented, this Court would find that there is a genuine issue of material fact as to whether the conduct of the Employee Defendants constituted unfair trade practices and whether that conduct resulted in

---

[36]  Rec. Doc. 1 at 14.

[37]  Rec. Doc. 114-4.

damages to the plaintiffs. These factual issues would preclude summary judgment in the defendants' favor.

**E.  CONSPIRACY**

Under Louisiana Civil Code Article 2324, "[h]e who conspires with another person to commit an intentional or willful act is answerable in solido, with that person, for the damage caused by such act." But that statute does not, by itself, impose liability for a civil conspiracy.[38] "The actionable element in a claim under this Article is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part."[39] To recover under a conspiracy theory of liability under Louisiana law, a plaintiff must prove that an agreement existed to commit an illegal or tortious act; the act was actually committed and resulted in the plaintiff's injury; and there was an agreement as to the intended outcome or result.[40] Whether or not a party has engaged in a conspiracy is itself a question of fact.[41]

---

[38]  *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So.2d 546, 551-52.

[39]  *Ross v. Conoco, Inc.*, 828 So.2d at 551-52 (quoting *Butz v. Lynch*, 97-2166 (La. App. 1 Cir. 04/08/98), 710 So.2d 1171, 1174, *writ denied*, 98-1247 (La. 06/19/98), 721 So.2d 473).

[40]  *Marceaux v. Lafayette City-Parish Consol. Government*, 921 F.Supp.2d 605, 642 n. 98 (W.D. La. 2013); *Crutcher-Tufts Resources, Inc. v. Tufts*, 2009-1572 (La. App. 4 Cir. 04/28/10), 38 So.3d 987, 991; *Butz v. Lynch*, 710 So.2d at 1174.

[41]  *Quality Environmental Processes, Inc. v. IP Petroleum Company, Inc.*, 2016-0230 (La. App. 1 Cir. 04/12/17), 219 So.3d 349, 370.

In the context of the pending motion, there must be proof of unfair trade practices in order for there to be an actionable conspiracy to commit unfair trade practices. Having decided not to consider the unfair trade practices claim without also considering the breach of fiduciary duty claim and having noted that there are genuine issues of material fact concerning the underlying unfair trade practices claim, this Court is constrained to find that there also are genuine issues of material fact concerning the plaintiffs' conspiracy claim.

## CONCLUSION

For the reasons set forth above, this Court finds that it would be inappropriate to rule on the pending motion for partial summary judgment with regard to the plaintiffs' unfair trade practices claim without simultaneously addressing the plaintiffs' breach of fiduciary duty claim; additionally, this Court finds that there are genuine issues of material fact that preclude summary judgment in the defendants' favor with regard to the plaintiffs' unfair trade practices claim and with regard to the plaintiffs' conspiracy claim. Accordingly, the defendants' motion for partial summary judgment (Rec. Doc. 104) is DENIED.

Signed at Lafayette, Louisiana on this 15th day of September 2017.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE