UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PURE AIR DAIGLE, LLC, ET AL. | CIVIL ACTION NO. 6:16-cv-01322 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CHARLES STAGG, II, ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the plaintiffs' motion for partial summary judgment with regard to their claim against defendants Charles Stagg, II, Michael Scott Lanclos, Phillip Courville, Jr., and Brad Guidry for breach of fiduciary duty. (Rec. Doc. 65). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

### BACKGROUND

Defendants Stagg, Lanclos, Courville, and Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs are the successors of that company. Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs. In 2016, Capitol formed defendant St. Landry Gas & Supply, L.L.C., which is a competitor of the plaintiffs. The Employee Defendants left their employment with the plaintiffs and all of them went to work for St. Landry Gas.

In their complaint, the plaintiffs asserted claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, breach of fiduciary duties, conversion, conspiracy, tortious interference with contractual relationships, and tortious interference with business relationships.

The instant motion relates solely to the plaintiffs' breach of fiduciary duty claim against the Employee Defendants. In the complaint, the plaintiffs contend that the Employee Defendants breached the fiduciary duties that they owed to the plaintiffs when they disclosed the plaintiffs' confidential and proprietary information, including customer and supplier lists, delivery schedules, and customer requires during their employment with the plaintiffs. (Rec. Doc. 1 at 15). In the briefing, the plaintiffs expanded the scope of the breach of fiduciary duty claim, arguing (1) that Stagg breached his fiduciary duty to the plaintiffs by seeking to benefit himself and St. Landry Gas and by transacting St. Landry Gas's business while Stagg remained employed by the plaintiffs, (2) that Stagg breached his fiduciary duty to the plaintiffs by knowingly involving himself in an undisclosed conflict of interest while employed by the plaintiffs, (3) that Lanclos, Courville, Guidry, and Stagg breached their fiduciary duties to the plaintiffs while still employed by the plaintiffs by encouraging each other and others to take actions that injured the plaintiffs; (4) that Stagg

breached his fiduciary duty to the plaintiffs by lying to his superiors and by concealing information from them, and (5) that St. Landry Gas is vicariously liable for the Employee Defendants' breaches of fiduciary duty.

## LAW AND ANALYSIS

### A.  THE APPLICABLE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3]  If the moving party

---

[1]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2]  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3]  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.    THE APPLICABLE LAW**

A federal court sitting in diversity must apply state substantive law and federal procedural law.[8] Because this is a diversity case, Louisiana's substantive law must be applied.[9] To determine Louisiana law, federal courts look to the final decisions

---

[4]    *Washburn v. Harvey*, 504 F.3d at 508.

[5]    *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[6]    *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7]    *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8]    *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

[9]    See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

of the Louisiana Supreme Court.[10] When the state's highest court has not decided an issue, the court must make an "*Erie* guess" as to how the state supreme court would decide the issue.[11] In making such a guess, the federal court may rely upon state appellate court decisions, unless persuasive data convinces the court that the state supreme court would decide the issue differently.[12] When making an *Erie* guess concerning Louisiana law, the Fifth Circuit In making an Erie guess, relies upon "(1) decisions of the [Louisiana] Supreme Court in analogous cases, (2) the rationales and analyses underlying [Louisiana] Supreme Court decisions on related issues, (3) dicta by the [Louisiana] Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which [Louisiana] courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries."[13]

---

[10] *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[11] *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013); *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[12] *Guilbeau v. Hess Corporation*, 854 F.3d 310, 311-12 (5th Cir. 2017); *Temple v. McCall*, 720 F.3d at 307; *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008).

[13] *Gulf and Mississippi River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488–89 (5th Cir. 2013) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006))).

## C. BREACH OF FIDUCIARY DUTIES

The elements of a claim for breach of fiduciary duty under Louisiana law include: (1) the existence of a fiduciary duty, (2) a violation of that duty by the fiduciary, and (3) damages resulting from the violation of duty.[14] "[W]hether a fiduciary duty exists, and the extent of that duty, depends upon the facts and circumstances of the case and the relationship of the parties."[15] Employees and mandataries owe duties of fidelity and loyalty to their employers and principals.[16] "An employee owes his employer a duty to be loyal and faithful to the employer's interest in business."[17] An employee is duty-bound not to act in antagonism or opposition to the interest of his employer.[18]

---

[14] *U.S. Small Business Admin. v. Beaulieu*, 75 Fed. App'x 249, 252 (5th Cir. 2003) (citing *Brockman v. Salt Lake Farm Partnership*, 33,938 (La. App. 2 Cir. 10/04/00), 768 So.2d 836, 844, *writ denied*, 2000-C-3012 (La. 12/15/00), 777 So. 2d 1234)); *Omnitech International, Inc. v. The Clorox Co.*, 11 F.3d 1316, 1330 and n. 20 (5th Cir.), cert. denied, 513 U.S. 815 (1994)

[15] *Scheffler v. Adams and Reese, LLP*, 2006–1774 (La. 02/22/07); 950 So.2d 641, 647.

[16] *Texana Oil & Refining Co. v. Belchic*, 90 So. at 527; *Neal v. Daniels*, 47 So.2d 44, 45 (1950); *Harrison v. CD Consulting, Inc.*, 05-1087 (La. App. 1 Cir. 05/05/06), 934 So.2d 166, 170; *Cenla Physical Therapy & Rehabilitation Agency, Inc. v. Lavergne*, 657 So.2d at 177; *Odeco Oil & Gas Co. v. Nunez*, 532 So.2d at 462.

[17] *ODECO Oil & Gas Co. v. Nunez*, 532 So.2d at 463 (quoting *Dufau v. Creole Engineering, Inc.*, 465 So.2d 752, 758 (La. App. 5 Cir.), *writ denied*, 468 So.2d 1207 (La. 1985)).

[18] *Neal v. Daniels*, 47 So.2d at 45 (quoting *Texana Oil & Refining Co. v. Belchic*, 90 So. at 527; *Harrison v. CD Consulting, Inc.*, 934 So.2d at 170.

Louisiana courts have determined that, under circumstances where an employee solicited customers and copied confidential customer lists of his employer while still employed, a breach of fiduciary duty may be found.[19] However,

> [w]ithout a restrictive agreement, at the termination of her employment, an employee can go to work for a competitor or form a competing business. Even before termination, the employee can seek other work or prepare to compete, except that she may not use confidential information acquired by her from her previous employer. . . . [A]n employee's involvement in forming a competitive entity, including the solicitation of business and the hiring of employees, prior to terminating her current employment relationship, is not an unfair trade practice. [An employee has] a right to explore alternatives to her current employment and to change jobs. She had no duty or obligation to disclose to [her employer] her intent to seek other employment.[20]

Therefore, "[i]t is not a breach of fiduciary duty for former employees to solicit the clients of their former employers as long as they do so based on their memory, experience, or personal contacts, rather than through the use of confidential

---

[19] See, e.g., *Cenla Physical Therapy & Rehab. Agency Inc v. Lavergne*, 657 So.2d at 177 (finding genuine issue of material fact whether defendants breached fiduciary duty to employer by copying patient lists); *Huey T. Littleton Claims Service, Inc. v. McGuffee*, 497 So.2d 790, 794 (La. App. 3 Cir., 1986) (finding defendant breached his fiduciary duty by soliciting former employer's customers and copying employer's customer list).

[20] *United Group of Nat. Paper Distributors, Inc. v. Vinson*, 27,739 (La. App. 2 Cir. 01/25/96), 666 So.2d 1338, 1348, *writ denied*, 96-C-0714 (La. 09/27/96), 679 So.2d 1358.

information of the former employer."[21] Thus, merely planning to compete – even while employed – does not necessarily constitute a breach of fiduciary duty.

"[H]istorically, an employee's breach of his fiduciary duty to his employer has been contemplated in instances when an employee has engaged in dishonest behavior or unfair trade practices for the purpose of his own financial or commercial benefit. . . . Thus, the question of breach of fiduciary duty or loyalty as an employee collapses into the question of whether the employee's actions constitute unfair trade practices. . . ."[22]

D.  **THE RELATIONSHIP BETWEEN A CLAIM FOR BREACH OF FIDUCIARY DUTY AND A CLAIM FOR UNFAIR TRADE PRACTICES**

In Louisiana jurisprudence, the issue of whether an employee has breached a fiduciary duty owed to his employer is intertwined with the issue of whether the employee's actions constitute an unfair trade practice.[23] More particularly, the issue

---

[21] *CheckPoint Fluidic Systems Intern., Ltd. v. Guccione*, 888 F.Supp.2d 780, 796 (E.D. La. 2012) (internal quotation marks omitted) (quoting *Frederic v. KBK Fin., Inc.*, No. 00–0481, 2001 WL 30204, at *5 (E.D. La. Jan. 9, 2001).

[22] *Elliott Company v. Montgomery*, No. 15-02404, 2016 WL 6301042, at *6-7 (W.D. La. Sept. 28, 2016), *report and recommendation adopted*, 2016 WL 6301106 (W.D. La. Oct. 26, 2016) (quoting *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F.Supp.2d 521, 534 (E.D. La. 2007) (internal citations omitted); see, also, *Harrison v. CD Consulting, Inc.*, 934 So.3d at 170.

[23] See, e.g., *Huey T. Littleton Claims Service, Inc. v. McGuffee*, 497 So.2d at 794 (finding that solicitation of employer's customers prior to resigning and copying employer's confidential customer lists were both a breach of the employee's fiduciary duty to his employer and a violation of LUTPA).

of whether an employee improperly competed with his employer's business while still employed, as is alleged in this case, implicates both the issue of whether the employee breached fiduciary duties owed to his employer and the issue of whether the employee engaged in unfair trade practices. But the instant motion does not raise the second issue. This Court finds that it would be an uneconomical use of judicial time and effort – and therefore inappropriate – to resolve the issue of whether the Employee Defendants breached their fiduciary duties to the plaintiffs without also deciding whether they engaged in unfair trade practices, as these issues are so tightly interwoven. Therefore, this Court declines the plaintiffs' invitation to address the alleged breach of fiduciary duty without also addressing the alleged use of unfair trade practices. For that reason, the instant motion will be denied.

E. **THE PLAINTIFFS HAVE NOT PROVED THE ELEMENTS OF THEIR CLAIM**

One of the elements of a claim for breach of fiduciary duty is damages resulting from the breach. The only evidence presented by the plaintiffs in support of this element of their claim is based on findings set forth in this Court's ruling on the plaintiff's motion for injunctive relief. But this Court did not decide whether a breach of fiduciary duty occurred nor did this Court find that the plaintiffs were damaged

because one or more of the Employee Defendants breached any fiduciary duty they might have owed to the plaintiffs.

This Court wrote, in its prior ruling: "Since September 12, 2016, Daigle has lost approximately 20 customers to St. Landry Gas, only one of which, D&R Welding Supply, was a large customer. All of these customers were on the delivery routes of Courville and Lanclos while they were at Daigle."[24] There are any number of reasons why a business might lose customers, and this Court did not attribute Daigle's loss of customers to any particular cause. In the ruling, this Court also stated: "The current Daigle general manager credibly testified that he was contacted by several other Daigle customers who said that St. Landry employees had said that Daigle was going out of business. Some of those customers no longer do business with Daigle; to keep some of the others, Daigle had to lower its prices."[25] Although this Court found that Daigle's general manager testified credibly, his testimony was grounded in hearsay and suggests that the reason Daigle lost customers was the price of its products. There is no finding in the prior ruling that Daigle lost any customers because an Employee Defendant breached a fiduciary duty, and no additional evidence of damage caused by a breach of fiduciary duty was submitted in support

---

[24] Rec. Doc. 49 at 17.

[25] Rec. Doc. 49 at 18.

of the instant motion. Consequently, the plaintiffs have not proven that they were damaged by a breach of fiduciary duty, and they have not established one of the necessary elements of their claim. Accordingly, because there is insufficient proof concerning an essential element of the plaintiffs' claim, the plaintiffs are not entitled to summary judgment with regard to their breach of fiduciary duty claim, and the pending motion must be denied.

## CONCLUSION

For the reasons set forth above, this Court finds that it would be inappropriate to rule on the pending motion for partial summary judgment with regard to the plaintiffs' breach of fiduciary duty claim without simultaneously addressing the plaintiffs' unfair trade practices claim; additionally, this Court finds that the plaintiffs have not established that they sustained any damages as a result of the Employee Defendants' alleged breach of fiduciary duties owed to the plaintiffs. Accordingly, the defendants' motion for partial summary judgment (Rec. Doc. 65) is DENIED.

Signed at Lafayette, Louisiana on this 15th day of September 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE