UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PURE AIR DAIGLE, LLC, ET AL. | CIVIL ACTION NO. 6:16-cv-01322 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CHARLES STAGG, II, ET AL. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending is the defendants' motion for partial summary judgment with regard to the plaintiffs' claims against defendant Brad Guidry. (Rec. Doc. 107). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

### BACKGROUND

Defendants Charles Stagg, II, Scott Lanclos, Phillip Courville, Jr., and Brad Guidry ("the Employee Defendants") were all formerly employed by Daigle Welding Supply. The plaintiffs are the successors of that company. Defendant Capitol Welders Supply Co. Inc. was a long-time supplier of the plaintiffs. In 2016, Capitol formed defendant St. Landry Gas & Supply, L.L.C., which is a competitor of the plaintiffs. The Employee Defendants left their employment with the plaintiffs and all of them went to work for St. Landry Gas.

In their complaint, the plaintiffs asserted claims against the defendants for breach of contract, violation of the Louisiana Unfair Trade Practices and Consumer

Protection Law ("LUTPA"), breach of fiduciary duties, conversion, tortious interference with contractual relationships, tortious interference with business relationships, and conspiracy. No breach of contract claim was asserted against Mr. Guidry, and the breach of contract claim against Mr. Stagg, Mr. Lanclos, and Mr. Courville was previously dismissed with prejudice. (Rec. Docs. 131, 132). The tortious interference with contractual relations claim was previously dismissed with prejudice. (Rec. Docs. 135, 136). The conversion claim was previously dismissed with prejudice. (Rec. Docs. 133, 134). The instant motion relates solely to the plaintiffs' claims against Mr. Guidry. The claims remaining against Mr. Guidry are for unfair trade practices, breach of fiduciary duty, tortious interference with business relations, and conspiracy.

## LAW AND ANALYSIS

### A. THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.    THE APPLICABLE LAW**

A federal court sitting in diversity must apply state substantive law and federal procedural law.[8] Because this is a diversity case, Louisiana's substantive law must be applied.[9] To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court.[10] When the state's highest court has not decided an issue, the court must make an "*Erie* guess" as to how the state supreme court would decide the issue.[11] In making such a guess, the federal court may rely upon state appellate court decisions, unless persuasive data convinces the court that the state supreme court would decide the issue differently.[12] When making an *Erie* guess

---

[6]    *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7]    *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8]    *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

[9]    See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[10]    *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[11]    *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013); *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

[12]    *Guilbeau v. Hess Corporation*, 854 F.3d 310, 311-12 (5th Cir. 2017); *Temple v. McCall*, 720 F.3d at 307; *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008).

concerning Louisiana law, the Fifth Circuit In making an Erie guess, relies upon "(1) decisions of the [Louisiana] Supreme Court in analogous cases, (2) the rationales and analyses underlying [Louisiana] Supreme Court decisions on related issues, (3) dicta by the [Louisiana] Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which [Louisiana] courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries."[13]

## C. LOUISIANA LAW REGARDING UNFAIR TRADE PRACTICES

In their complaint, the plaintiffs asserted a claim against Mr. Guidry for violation of Louisiana's Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. 51:1401, *et seq*. This statute declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. "LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[14]

---

[13] *Gulf and Mississippi River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488–89 (5th Cir. 2013) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006))).

[14] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 2009-1633 (La. 04/23/10), 35 So.3d 1053, 1057.

The elements of a cause of action under LUTPA are: (1) an unfair or deceptive trade practice declared unlawful; (2) that impacts a consumer, business competitor, or other person to whom the statute grants a private right of action; (3) which has caused ascertainable loss.[15] Actual damages may be awarded under LUTPA.[16] The recovery of general damages is available under LUTPA, including damages for mental anguish and humiliation.[17] When a plaintiff is awarded damages under LUTPA, the plaintiff is also entitled to recover an award of attorneys' fees.[18]

Courts must decide, on a case-by-case basis, what conduct violates LUTPA.[19] Under this statute, an act need not be both unfair and deceptive to be actionable.[20] A practice is unfair "when the practice is unethical, oppressive, unscrupulous, or

---

[15] *Elliott Company v. Montgomery*, No. 6:15-02404, 2016 WL 6301042, at *5 (W.D. La. Sept. 28, 2016), *report and recommendation adopted*, 2016 WL 6301106 (W.D. La. Oct. 26, 2016); *FloQuip, Inc. v. Chem Rock Techs.*, No. 6:16-0035, 2016 WL 4574436, at *16 (W.D. La. June 20, 2016), *report and recommendation adopted*, 2016 WL 4581345 (W.D. La. Sept. 1, 2016); *Frontline Petroleum Training System, LLC v. Premier Safety Management, Inc.*, No. 6:13-cv-01259, 2013 WL 6667332, at *4 (W.D. La. Dec. 17, 2013); *Who Dat Yat LLC v. Who Dat? Inc.*, No. 10-1333, 10-2296, 2011 WL 39043, at *3 (E.D. La. Jan. 4, 2011).

[16] La. R.S. 51:1405.

[17] *Gandhi v. Sonal Furniture & Custom Draperies, L.L.C.*, 49,959 (La. App. 2 Cir. 07/15/15), 192 So.3d 783, 792, *writ denied*, 15-1547 (La.10/23/15), 184 So.3d 19.

[18] La. R.S. 51:1409(A).

[19] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1059.

[20] *Jefferson v. Chevron U.S.A. Inc.*, 97-2436 (La. App. 4 Cir. 05/20/98), 713 So.2d 785, 792, *writ denied*, 98-1681 (La. 10/16/98).

substantially injurious,"[21] while a practice is deceptive when it amounts to "fraud, deceit or misrepresentation."[22] Thus, "LUTPA claims are not limited solely to allegations of fraud, but may be independently premised on a range of non-fraudulent conduct."[23]

Negligent acts do not violate the LUTPA,[24] and LUTPA does not provide an alternative remedy for breaches of contract.[25] Furthermore, "LUTPA does not prohibit sound business practices, the exercise of permissible business judgment, or appropriate free enterprise transactions."[26]

With regard to the particular context of this lawsuit, it is well established that LUTPA is not violated when employees merely terminate their employment and then go to work for their former employer's competitor. "[A]t-will employees are free to exercise their right to change employment, even if they decide to work for a

---

[21] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1059-60.

[22] *Rockwell Automation, Inc. v. Montgomery*, No. 17-415, 2017 WL 2294687, at *3 (W.D. La. May 24, 2017); *Southern General Agency, Inc. v. Burns & Wilcox, Ltd.*, 09-1918, 2012 WL 3987890, at *1 (W.D. La. Sept. 11, 2012).

[23] *Mabile v. BP, p.l.c.*, No. 11-1783, 2016 WL 5231839, at *24 (E.D. La. Sept. 22, 2016), 144 So.3d 1011, 1025.

[24] *Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.*, 2013-1582 (La. 05/07/14) 144 So.3d 1011, 1025; *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993).

[25] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1060 (quoting with approval *Turner v. Purina Mills, Inc.*, 989 F.2d at 1422).

[26] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1060.

competitor of their former employer."[27] "[A]t the termination of [his] employment, an employee can go to work for a competitor or form a competing business. Even before termination, the employee can seek other work or prepare to compete."[28] "An employee's involvement in forming a competitive entity, including the solicitation of business and the hiring of employees, prior to terminating his current employment relationship, is not an unfair trade practice."[29]

Furthermore, while the solicitation and diversion of an employer's customers prior to termination of employment constitutes unfair competition entitling the former employer to recover damages,[30] the solicitation of customers after the end of employment does not form the basis of a cause of action for unfair competition.[31] An employee is free to solicit customers from his former employer "as long as he does

---

[27] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d at 1060.

[28] *American Machinery Movers, Inc.*, 136 F.Supp.2d at 604 (quoting *United Group of Nat. Paper Distributors, Inc. v. Vinson*, 27,739 (La. App. 2 Cir. 01/25/96), 666 So.2d 1338, 1348, *writ denied*, 96-0714 (La. 09/27/96), 666 So.2d 1338). See, also, *SDT Industries, Inc. v. Leeper*, 34,655 (La. App. 2 Cir. 08/16/01), 793 So.2d 327, 333, *writ denied*, 2001-2558 (La. 12/07/01), 803 So.2d 973.

[29] *SDT Industries, Inc. v. Leeper*, 793 So.2d at 333.

[30] *Dufau v. Creole Engineering, Inc.*, 465 So.2d 752, 758 (La. App. 5th Cir.), *writ denied*, 468 So.2d 1207 (La. 1985).

[31] *First Page Operating Under the Name and Corporate Entity, Groome Enterprises, Inc. v. Network Paging, Corp.*, 628 So.2d 130, 137 (La. App. 4 Cir. 1993), *writ denied*, 634 So.2d 379 (La. 1994); *Boncosky Servs., Inc. v. Lampo*, 98-2239 (La. App. 1 Cir. 11/05/99), 751 So.2d 278, 287, *writ denied*, 2000-0322 (La. 03/24/00), 758 So.2d 798.

so based on his memory, experience, or personal contacts, rather than through the use of confidential information of the former employer."[32] "A former employee who enters business in competition with his former employer necessarily utilizes the experience he acquired and the skills he developed while in a former employment."[33] "[T]he mere fact that each individual defendant brought with [him] his knowledge of previous business contacts and relationships and specialized knowledge of the. . . business does not constitute a violation of LUPTA."[34]

D. <u>BREACH OF FIDUCIARY DUTIES</u>

The elements of a claim for breach of fiduciary duty under Louisiana law include: (1) the existence of a fiduciary duty, (2) a violation of that duty by the fiduciary, and (3) damages resulting from the violation of duty.[35] "[W]hether a fiduciary duty exists, and the extent of that duty, depends upon the facts and

---

[32] *American Machinery Movers, Inc. v. Machinery Movers of New Orleans, LLC*, 136 F.Supp.2d 599, 604 (E.D. La. 2001), *affirmed*, 34 Fed. App'x 150 (5th Cir. 2002); see also *CheckPoint Fluidic Systems Intern., Ltd. v. Guccione*, 888 F.Supp.2d 780, 796 (E.D. La. 2012).

[33] *Boncosky Servs., Inc. v. Lampo*, 751 So.2d at 287.

[34] *Creative Risk Controls, Inc. v. Brechtel*, 01-1150 (La. App. 5 Cir. 04/29/03), 847 So.2d 20, 25, *writ denied*, 2003-1769 (La. 10/10/03), 855 So.2d 353.

[35] *U.S. Small Business Admin. v. Beaulieu*, 75 Fed. App'x 249, 252 (5th Cir. 2003) (citing *Brockman v. Salt Lake Farm Partnership*, 33,938 (La. App. 2 Cir. 10/04/00), 768 So.2d 836, 844, *writ denied*, 2000-C-3012 (La. 12/15/00), 777 So. 2d 1234)); *Omnitech International, Inc. v. The Clorox Co.*, 11 F.3d 1316, 1330 and n. 20 (5th Cir.), cert. denied, 513 U.S. 815 (1994)

circumstances of the case and the relationship of the parties."[36] Employees and mandataries owe duties of fidelity and loyalty to their employers and principals.[37] "An employee owes his employer a duty to be loyal and faithful to the employer's interest in business."[38] An employee is duty-bound not to act in antagonism or opposition to the interest of his employer.[39]

Louisiana courts have determined that, under circumstances where an employee solicited customers and copied confidential customer lists of his employer while still employed, a breach of fiduciary duty may be found.[40] However,

> [w]ithout a restrictive agreement, at the termination of her employment, an employee can go to work for a competitor or form a competing business. Even before termination, the employee can seek other work or prepare to compete, except that she may not use confidential information acquired by her from her previous employer. . . . [A]n

---

[36] *Scheffler v. Adams and Reese, LLP*, 2006–1774 (La. 02/22/07); 950 So.2d 641, 647.

[37] *Texana Oil & Refining Co. v. Belchic*, 90 So. at 527; *Neal v. Daniels*, 47 So.2d 44, 45 (1950); *Harrison v. CD Consulting, Inc.*, 05-1087 (La. App. 1 Cir. 05/05/06), 934 So.2d 166, 170; *Cenla Physical Therapy & Rehabilitation Agency, Inc. v. Lavergne*, 657 So.2d at 177; *Odeco Oil & Gas Co. v. Nunez*, 532 So.2d at 462.

[38] *ODECO Oil & Gas Co. v. Nunez*, 532 So.2d at 463 (quoting *Dufau v. Creole Engineering, Inc.*, 465 So.2d 752, 758 (La. App. 5 Cir.), *writ denied*, 468 So.2d 1207 (La. 1985)).

[39] *Neal v. Daniels*, 47 So.2d at 45 (quoting *Texana Oil & Refining Co. v. Belchic*, 90 So. at 527; *Harrison v. CD Consulting, Inc.*, 934 So.2d at 170.

[40] See, e.g., *Cenla Physical Therapy & Rehab. Agency Inc v. Lavergne*, 657 So.2d at 177 (finding genuine issue of material fact whether defendants breached fiduciary duty to employer by copying patient lists); *Huey T. Littleton Claims Service, Inc. v. McGuffee*, 497 So.2d 790, 794 (La. App. 3 Cir., 1986) (finding defendant breached his fiduciary duty by soliciting former employer's customers and copying employer's customer list).

employee's involvement in forming a competitive entity, including the solicitation of business and the hiring of employees, prior to terminating her current employment relationship, is not an unfair trade practice. [An employee has] a right to explore alternatives to her current employment and to change jobs. She had no duty or obligation to disclose to [her employer] her intent to seek other employment.[41]

Therefore, "[i]t is not a breach of fiduciary duty for former employees to solicit the clients of their former employers as long as they do so based on their memory, experience, or personal contacts, rather than through the use of confidential information of the former employer."[42] Thus, merely planning to compete – even while employed – does not necessarily constitute a breach of fiduciary duty.

"[H]istorically, an employee's breach of his fiduciary duty to his employer has been contemplated in instances when an employee has engaged in dishonest behavior or unfair trade practices for the purpose of his own financial or commercial benefit. . . . Thus, the question of breach of fiduciary duty or loyalty as an employee collapses into the question of whether the employee's actions constitute unfair trade practices. . . ."[43]

---

[41] *United Group of Nat. Paper Distributors, Inc. v. Vinson*, 27,739 (La. App. 2 Cir. 01/25/96), 666 So.2d 1338, 1348, *writ denied*, 96-C-0714 (La. 09/27/96), 679 So.2d 1358.

[42] *CheckPoint Fluidic Systems Intern., Ltd. v. Guccione*, 888 F.Supp.2d 780, 796 (E.D. La. 2012) (internal quotation marks omitted) (quoting *Frederic v. KBK Fin., Inc.*, No. 00–0481, 2001 WL 30204, at *5 (E.D. La. Jan. 9, 2001).

[43] *Elliott Company v. Montgomery*, No. 15-02404, 2016 WL 6301042, at *6-7 (W.D. La. Sept. 28, 2016), *report and recommendation adopted*, 2016 WL 6301106 (W.D. La. Oct. 26,

### E. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

The Louisiana Supreme Court recognizes a cause of action for tortious interference with business arising under Louisiana Civil Code Article 2315.[44] However, Louisiana courts view tortious interference with business relations claims with disfavor.[45] This tort "is based on the principle that the right to influence others not to deal is not absolute."[46] "Louisiana law protects the businessman from malicious and wanton interference, permitting only interferences designed to protect a legitimate interest of the actor."[47] To prevail on such a claim, a plaintiff cannot merely show that a defendant's actions affected his business interests; instead, the plaintiff must establish that the defendant actually prevented the plaintiff from dealing with a third party.[48] A plaintiff must also show that the defendant acted with

---

2016) (quoting *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F.Supp.2d 521, 534 (E.D. La. 2007) (internal citations omitted); see, also, *Harrison v. CD Consulting, Inc.*, 934 So.3d at 170.

[44] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981) (citing *Graham v. St. Charles St. Railroad*, 18 So. 707 (La. 1895)); *Iberiabank v. Broussard*, No. 6:14-CV-2448, 2016 WL 4571207, at *2 (W.D. La. Aug. 30, 2016).

[45] *Iberiabank v. Broussard*, 2016 WL 4571207, at *3 (citing *Henderson v. Bailey Bark Materials*, 47,946-CA (La. App. 2 Cir. 04/10/13), 116 So.3d 30, 37; *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 2001-CA-1096 (La. App. 4 Cir. 2002), 812 So.2d 834, 841).

[46] *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992).

[47] *Junior Money Bags, Ltd. v. Segal*, 970 F.2d at 10 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d at 601 (internal quotations marks omitted)).

[48] *Ashford v. Aeroframe Services LLC*, 2017 WL 2293109, at *16; *Bogues v. Louisiana Energy Consultants, Inc.*, 46,434 (La. App. 2 Cir. 8/10/11), 71 So.3d 1128, 1135; *Ustica Enterprises,*

malice.⁴⁹ "Although its meaning is not perfectly clear, the malice element seems to require a showing of spite or ill will, which is difficult (if not impossible) to prove in most commercial cases in which conduct is driven by the profit motive, not by bad feelings."⁵⁰ A court in this district recently noted that there appear to be no reported cases in which anyone actually has been held liable for this tort.⁵¹

**F.   CONSPIRACY**

Under Louisiana Civil Code Article 2324, "[h]e who conspires with another person to commit an intentional or willful act is answerable in solido, with that person, for the damage caused by such act." But that statute does not, by itself, impose liability for a civil conspiracy.⁵² "The actionable element in a claim under this Article is not the conspiracy itself, but rather the tort which the conspirators agreed

---

*Inc. v. Costello*, 434 So.2d 137, 140 (La. App. 5 Cir. 1983).

⁴⁹   *Iberiabank v. Broussard*, 2016 WL 4571207, at *3 (citing *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 812 So.2d at 841; *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d at 602)).

⁵⁰   *Ashford v. Aeroframe Services LLC*, 2017 WL 2293109, at *16 (quoting *Bogues v. Louisiana Energy Consultants, Inc.*, 71 So. 3d at 1135 (in turn quoting *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 812 So. 2d at 841)).

⁵¹   *Iberiabank v. Broussard*, 2016 WL 4571207, at *3 (quoting *JCD Marketing Co. v. Bass Hotels and Resorts, Inc.*, 812 So.2d at 841 (quoting George Denegre, Jr., et al., Tortious Interference and Unfair Trade Claims: Louisiana's Elusive Remedies for Business Interference, 45 Loy. L. Rev. 395, 401 (1999))).

⁵²   *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So.2d 546, 551-52.

to perpetrate and which they actually commit in whole or in part."[53] To recover under a conspiracy theory of liability under Louisiana law, a plaintiff must prove that an agreement existed to commit an illegal or tortious act; the act was actually committed and resulted in the plaintiff's injury; and there was an agreement as to the intended outcome or result.[54] Whether or not a party has engaged in a conspiracy is itself a question of fact.[55]

In the context of the pending motion, there must be proof of either unfair trade practices, breach of fiduciary duty, or tortious interference with business relations in order for there to be evidence of an actionable conspiracy.

### G.   MR. GUIDRY IS ENTITLED TO SUMMARY JUDGMENT IN HIS FAVOR

The plaintiffs argue, in opposition to the pending motion, that Mr. Guidry violated LUTPA by encouraging the other Employee Defendants to harm Daigle and by using Daigle's confidential information to harm Daigle. (Rec. Doc. 111 at 8). However, the plaintiffs offered no evidence in support of those allegations.

---

[53]   *Ross v. Conoco, Inc.*, 828 So.2d at 551-52 (quoting *Butz v. Lynch*, 97-2166 (La. App. 1 Cir. 04/08/98), 710 So.2d 1171, 1174, *writ denied*, 98-1247 (La. 06/19/98), 721 So.2d 473).

[54]   *Marceaux v. Lafayette City-Parish Consol. Government*, 921 F.Supp.2d 605, 642 n. 98 (W.D. La. 2013); *Crutcher-Tufts Resources, Inc. v. Tufts*, 2009-1572 (La. App. 4 Cir. 04/28/10), 38 So.3d 987, 991; *Butz v. Lynch*, 710 So.2d at 1174.

[55]   *Quality Environmental Processes, Inc. v. IP Petroleum Company, Inc.*, 2016-0230 (La. App. 1 Cir. 04/12/17), 219 So.3d 349, 370.

Particularly, they submitted no evidence showing that Mr. Guidry took any of Daigle's confidential or proprietary information when he left his job with Daigle or that he ever used any such information in recruiting clients to St. Landry Gas or in an effort to harm Daigle.

The plaintiffs also argued that Mr. Guidry attempted to convince Daigle's customers to stop using Daigle's services and become St. Landry Gas's customers and that he did so maliciously. At his deposition, Mr. Guidry testified that he did not target any of Daigle's customers with the intention of convincing them to switch to St. Landry Gas while he was still working for Daigle. (Rec. Doc. 111-2 at 11). He admitted, however, that he "approached" seven of Daigle's customers after he went to work for St. Landry Gas. (Rec. Doc. 111-2 at 11-14). The plaintiffs presented no evidence that Mr. Guidry did anything that was in any way deceptive or unfair when he approached those customers. Therefore, the plaintiffs have presented no evidence that Mr. Guidry violated LUTPA.

Similarly, the plaintiffs have presented no evidence that Mr. Guidry acted with malice when he approached those customers or that his efforts resulted in the plaintiffs actually being prevented from dealing with any third party. Therefore, the plaintiffs have presented no evidence that Mr. Guidry interfered with Daigle's business relationships.

In support of their breach of fiduciary duty claim, the plaintiffs argued that "Mr. Guidry encouraged the other Employee Defendants to take actions that were contrary to the best interests of their employer." (Rec. Doc. 111 at 10). They claim that they presented evidence that Mr. Guidry and Mr. Courville discussed leaving Daigle. The deposition excerpt to which they cited in support of that contention (Rec. Doc. 111-3 at 2-3) actually contains no evidence that Mr. Guidry had a conversation with Mr. Courville about leaving Daigle. They presented evidence that Mr. Guidry and Mr. Stagg discussed Mr. Guidry's going to work for St. Landry Gas around the first week of September (Rec. Doc. 111-4 at 2) but there is no information about the length of the conversation, where it occurred, or what time of day it occurred. Therefore, there is no evidence that Mr. Guidry breached any duty he owed to Daigle by having this conversation. The plaintiffs claim that Mr. Stagg and Mr. Guidry had a conversation during work hours about Mr. Guidry possibly leaving Daigle. The deposition testimony cited to actually is only to the effect that Mr. Stagg received a telephone call from Kelly Root and announced to the office that Mr. Root was opening a new business in Opelousas. (Rec. Doc. 111-2 at 3). They claim that Mr. Guidry referred Nick Dupre (a former Daigle employee) to St. Landry Gas. In fact, however, Mr. Guidry testified that he simply introduced Mr. Dupre to Mr. Stagg when Mr. Dupre came into Daigle's office. (Rec. Doc. 111-2 at 5). Mr. Dupre's

employment application with St. Landry Gas indicates that he was referred by "Brad," but there is no evidence that this is a reference to Mr. Guidry or that it was the result of some sort of influence that Mr. Guidry had over Mr. Dupre. Even if Mr. Guidry did encourage Mr. Dupre to go to work for St. Landry Gas, however, that is irrelevant because Mr. Dupre was a former Daigle employee – not a current Daigle employee. There simply is no evidence that Mr. Guidry encouraged any other Daigle employee to leave Daigle and go to work for St. Landry Gas.

The plaintiffs also argue that Mr. Guidry breached his fiduciary duties to Daigle by concealing from Daigle his intention to leave his employment with Daigle and go to work for St. Landry Gas. But there is no statutory or jurisprudential authority for the proposition that an employee must tell his employer that he is looking for a new job. A person has a right, under Louisiana law, to explore alternatives to his current employment and to change jobs,[56] and an employee has no duty or obligation to disclose to his current employer that he intends to seek other employment.[57] Even when an employee gave notice to his employer that he was terminating his employment only after he returned to the United States from Abu Dhabi, the court found that his allegedly inadequate notice of resignation was not a

---

[56] *United Group of Nat. Paper Distributors, Inc. v. Vinson*, 666 So.2d at 1348.

[57] *United Group of Nat. Paper Distributors, Inc. v. Vinson*, 666 So.2d at 1348.

breach of his fiduciary duty to his employer.[58] Therefore, Mr. Guidry had no obligation to tell his employer that he was planning to change jobs. The plaintiffs have not established that Mr. Guidry breached any fiduciary duty he might have owed to the plaintiffs.

Because the plaintiffs have not satisfied their burden of proving the elements of their breach of fiduciary duty, unfair trade practices, or tortious interference with business relations claims, they similarly have not proven that Mr. Guidry was engaged in a conspiracy to commit any of those torts.

Finally, this Court finds that there are no credibility issues before it, and this Court made no credibility determinations in resolving the pending motion. Instead, the plaintiffs have not satisfied their burden of proof. A party responding to a motion for summary judgment, such as the plaintiffs in this case, must rely upon evidence rather than argument, speculation, or conjecture.[59] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof

---

[58] *Harrison v. CD Consulting, Inc.*, 934 So.2d at 170-71.

[59] Fed. R. Civ. P. 56(c)(1)(A).

at trial.[60] With regard to their claims against Mr. Guidry, the plaintiffs have not met that burden. They have not identified specific facts that establish a genuine issue of material fact regarding their claims against Mr. Guidry, nor have they demonstrated that they can prove the elements of their claims against Mr. Guidry at trial. Accordingly, Mr. Guidry is entitled to summary judgment in his favor.

### CONCLUSION

For the reasons set forth above, this Court finds that the plaintiffs have not proven the elements of their claims against Mr. Guidry for unfair trade practices, breach of fiduciary duty, tortious interference with business relations, or conspiracy nor have they established genuine issues of material fact concerning those claims. Accordingly, Mr. Guidry's motion for partial summary judgment (Rec. Doc. 107) is GRANTED, and the plaintiffs' claims against Mr. Guidry for unfair trade practices, breach of fiduciary duty, tortious interference with business relations, and conspiracy are dismissed with prejudice.

Signed at Lafayette, Louisiana on this 15th day of September, 2017.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[60] *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citations omitted).